DANIEL JOHNSON, JR. (SBN 57409)
MICHAEL J. LYONS (SBN 202284)
AHREN C. HSU-HOFFMAN (SBN 250469)
COREY R. HOUMAND (SBN 268366)
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, California 94306-2122
Telephone:  650.843.4000
Facsimile:  650.843.4001
E-mail:  djjohnson@morganlewis.com
E-mail:  mlyons@morganlewis.com
E-mail:  ahsu-hoffman@morganlewis.com
E-mail:  choumand@morganlewis.com

ROBERT J. GAYBRICK (to be admitted *pro hac vice*)
NATHAN W. MCCUTCHEON (to be admitted *pro hac vice*)
DAE GUNN JEI (to be admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  202.739.3000
Facsimile:  202.739.3001
E-mail:  rgaybrick@morganlewis.com
E-mail:  nmccutcheon@morganlewis.com
E-mail:  djei@morganlewis.com

Attorneys for Plaintiff
FUJIFILM CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUJIFILM CORPORATION, a Japanese Corporation, <br><br> Plaintiff, <br><br> v. <br><br> MOTOROLA MOBILITY HOLDINGS, INC., a Delaware Corporation, MOTOROLA MOBILITY, INC., a Delaware Corporation, and MOTOROLA MOBILITY LLC, a Delaware Limited Liability Company, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

PLAINTIFF'S COMPLAINT
FOR PATENT INFRINGEMENT

DB1/ 70136790

Plaintiff Fujifilm Corporation ("Fujifilm") for its complaint against Defendants Motorola Mobility Holdings, Inc., Motorola Mobility, Inc., and Motorola Mobility LLC (collectively, "Motorola") alleges as follows:

**PARTIES**

1.  Plaintiff Fujifilm is organized under the laws of Japan with its principal place of business at Midtown West, 7-3, Akasaka 9-chome, Minato-ku, Tokyo 107-0052, Japan.

2.  Fujifilm is a worldwide leader in photography. Fujifilm's original business was in the area of photographic film. As technology progressed, Fujifilm was one of the earliest companies to expand its business into digital photography and image processing. In 1988, Fujifilm was the first company to develop, and then to market, a consumer digital camera. In the ensuing years, Fujifilm has become a recognized leader and innovator in the areas of digital cameras, digital photography, and digital image processing. Fujifilm holds more than 1,000 United States patents related to digital imaging. Starting from that first digital camera in 1988, Fujifilm has developed and now sells an extensive line of digital cameras. The value of Fujifilm's intellectual property has been recognized in the market through, among other things, the success of Fujifilm's products and Fujifilm's licensing of its technology to others in the field of digital imaging.

3.  On information and belief, Motorola Mobility Holdings, Inc., Motorola Mobility, Inc., and Motorola Mobility LLC are organized under the laws of Delaware, with a principal place of business at 600 N. U.S. Highway 45, Libertyville, IL 60048-1296. Motorola has sold and sells mobile phones with digital cameras incorporated therein.

**JURISDICTION AND VENUE**

4.  This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, for infringement by Motorola of United States patents owned by Fujifilm. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5.  This Court has personal jurisdiction over Motorola because Motorola does business in the State of California. Motorola maintains a place of business in the Northern District of California at 809 Eleventh Avenue, Sunnyvale, CA 94089-4731, and engages in acts of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/ 70136790

1

PLAINTIFF'S COMPLAINT
FOR PATENT INFRINGEMENT

infringement within this District.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

## INTRADISTRICT ASSIGNMENT

7. This action for patent infringement is assigned on a district-wide basis under Civil L.R. 3-2(c).

## COUNT I

### (Infringement of U.S. Patent No. 6,144,763)

8. Fujifilm realleges and incorporates by reference the allegations stated in Paragraphs 1 through 7.

9. Fujifilm is the owner of U.S. Patent No. 6,144,763 ("the '763 patent"), entitled "Method and Apparatus for Compression Coding of Image Data Representative of a Color Image and Digital Camera Including the Same." The '763 patent was duly and legally issued by the U.S. Patent and Trademark Office on November 7, 2000. A true and correct copy of the '763 patent is attached as Exhibit 1. The patent is generally directed to converting captured color images to monochrome images.

10. On information and belief, Motorola directly infringes the '763 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, or importing into the United States, products covered by at least claims 1-2 of the '763 patent. The accused products include at least Motorola's Droid X, Xyboard 10.1, Xyboard 8.2, Droid 4, Razr Maxx, Razr, Admiral, Droid Bionic, Atrix 2, Electrify, Droid 3, Photon 4G, Triumph, XPRT, Theory, Droid X2, Xoom, Atrix 4G, Droid 2-Global, Droid Pro, CLIQ, CLIQ XT, and DEFY mobile phones/tablets. On information and belief, these mobile phones/tablets have a monochrome feature wherein captured color images are converted into monochrome images as recited in the aforementioned patent claims.

11. On information and belief, Motorola has actively induced others to infringe the '763 patent in violation of 35 U.S.C. § 271(b), including at least by promoting, advertising, and instructing others on the features and uses of at least the aforementioned mobile phones/tablets,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/ 70136790

2

PLAINTIFF'S COMPLAINT
FOR PATENT INFRINGEMENT

with knowledge of the '763 patent and knowledge that the encouraged activities infringed the patent. For example, the Droid X User's Guide [Verizon Wireless] on page 23 describes "Photo Options," which allows the user to "adjust the camera to optimize your shot," by providing "effects" including "black and white" operation or "normal," *i.e.*, color, operation.

12. Fujifilm gave Motorola written notice of its infringement at least as early as April 2011. Fujifilm representatives also engaged in face-to-face meetings with Motorola representatives where the infringing activities were explained in detail to Motorola. Nonetheless, Motorola has continued to infringe. On information and belief, Motorola's infringement has been with knowledge of the '763 patent and without any valid defense and is, has been, and continues to be willful and deliberate.

13. Motorola's infringement has injured and damaged Fujifilm. Fujifilm is entitled to recover damages adequate to compensate Fujifilm for Motorola's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty, together with interest and costs.

14. Unless and until enjoined by this Court, Motorola's acts of infringement will continue to damage Fujifilm irreparably.

## COUNT II

**(Infringement of U.S. Patent No. 6,915,119)**

15. Fujifilm realleges and incorporates by reference the allegations stated in Paragraphs 1 through 7.

16. Fujifilm is the owner of U.S. Patent No. 6,915,119 ("the '119 patent"), entitled "Telephone and Data Transmitting Method for Telephone." The '119 patent was duly and legally issued by the U.S. Patent and Trademark Office on July 5, 2005. A true and correct copy of the '119 patent is attached as Exhibit 2. The patent is generally directed to a telephone that can communicate with other devices (*e.g.*, a computer) over a path other than the telephone network.

17. On information and belief, Motorola directly infringes the '119 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, or importing into the United States, products covered by at least claims 13 and 36 of the '119 patent.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/ 70136790

3

PLAINTIFF'S COMPLAINT
FOR PATENT INFRINGEMENT

1  The accused products include at least Motorola's i867, Xyboard 10.1, Xyboard 8.2, Droid 4,
2  Razr Maxx, Razr, Admiral, Droid Bionic, Atrix 2, Electrify, Droid 3, Photon 4G, Triumph,
3  XPRT, Titanium, Droid X2, Clutch, i412, Milestone X, Brute i686, Xoom, Atrix 4G, Droid 2-
4  Global, Droid Pro, Droid X, CLIQ, CLIQ XT, and DEFY mobile phones/tablets.  On information
5  and belief, these mobile phones/tablets have Bluetooth and/or Wi-Fi capabilities that allow them
6  to communicate with other devices, such as a computer, in the patented manner.

7        18.      On information and belief, Motorola has actively induced others to infringe the
8  '119 patent in violation of 35 U.S.C. § 271(b), including at least by promoting, advertising, and
9  instructing others on the features and uses of at least the aforementioned mobile phones/tablets,
10 with knowledge of the '119 patent and knowledge that the encouraged activities infringed the
11 patent.  For example, the Droid X User's Guide [Verizon Wireless] on page 41 describes "[y]ou
12 can set up your phone as a Wi-Fi hotspot to provide portable, convenient internet access to other
13 Wi-Fi enabled devices."

14       19.      Fujifilm gave Motorola written notice of its infringement at least as early as April
15 2011.  Fujifilm representatives also engaged in face-to-face meetings with Motorola
16 representatives where the infringing activities were explained in detail to Motorola.  Nonetheless,
17 Motorola has continued to infringe.  On information and belief, Motorola's infringement has been
18 with knowledge of the '119 patent and without any valid defense and is, has been, and continues
19 to be willful and deliberate.

20       20.      Motorola's infringement has injured and damaged Fujifilm.  Fujifilm is entitled to
21 recover damages adequate to compensate Fujifilm for Motorola's infringing activities in an
22 amount to be determined at trial, but in no event less than a reasonable royalty, together with
23 interest and costs.

24       21.      Unless and until enjoined by this Court, Motorola's acts of infringement will
25 continue to damage Fujifilm irreparably.

## COUNT III

**(Infringement of U.S. Patent No. 7,327,886)**

28       22.      Fujifilm realleges and incorporates by reference the allegations stated in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/ 70136790

4

PLAINTIFF'S COMPLAINT
FOR PATENT INFRINGEMENT

Paragraphs 1 through 7.

23. Fujifilm is the owner of U.S. Patent No. 7,327,886 ("the '886 patent"), entitled "Photographing Apparatus, Method and Program." The '886 patent was duly and legally issued by the U.S. Patent and Trademark Office on February 5, 2008. A true and correct copy of the '886 patent is attached as Exhibit 3. The patent generally concerns face detection in digital photography.

24. On information and belief, Motorola directly infringes the '886 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, or importing into the United States, products covered by at least claim 11 of the '886 patent. The accused products include at least Motorola's Droid 2 Global, Droid Bionic, Atrix 2, Electrify, Droid 3, Photon 4G, XPRT, Droid X2, Droid Pro, and Droid X mobile phones. On information and belief, these mobile phones incorporate cameras with the claimed face detection features.

25. On information and belief, Motorola has actively induced others to infringe the '886 patent in violation of 35 U.S.C. § 271(b), including at least by promoting, advertising, and instructing others on the features and uses of at least the aforementioned mobile phones, with knowledge of the '886 patent and knowledge that the encouraged activities infringed the patent. For example, the Droid X User's Guide [Verizon Wireless] on page 25 describes various camera "settings," including "Face Detection."

26. Fujifilm gave Motorola written notice of its infringement at least as early as April 2011. Fujifilm representatives also engaged in face-to-face meetings with Motorola representatives where the infringing activities were explained in detail to Motorola. Nonetheless, Motorola has continued to infringe. On information and belief, Motorola's infringement has been with knowledge of the '886 patent and without any valid defense and is, has been, and continues to be willful and deliberate.

27. Motorola's infringement has injured and damaged Fujifilm. Fujifilm is entitled to recover damages adequate to compensate Fujifilm for Motorola's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty, together with interest and costs.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/ 70136790

5

PLAINTIFF'S COMPLAINT
FOR PATENT INFRINGEMENT

28.     Unless and until enjoined by this Court, Motorola's acts of infringement will continue to damage Fujifilm irreparably.

## COUNT IV

### (Infringement of U.S. Patent No. 5,734,427)

29.     Fujifilm realleges and incorporates by reference the allegations stated in Paragraphs 1 through 7.

30.     Fujifilm is the owner of U.S. Patent No. 5,734,427 ("the '427 patent"), entitled "High Resolution Electronic Still Camera with an Electronic Viewfinder for Displaying a Reduced Image."  The '427 patent was duly and legally issued by the U.S. Patent and Trademark Office on March 31, 1998.  A true and correct copy of the '427 patent is attached as Exhibit 4.  The patent generally concerns image processing that allows a high-resolution image captured by an image sensor to be displayed on a lower resolution viewfinder.

31.     On information and belief, Motorola directly infringes the '427 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, or importing into the United States, products covered by at least claims 1 and 6 of the '427 patent.  The accused products include at least Motorola's DEFY, CLIQ 2, Droid X2, Droid X, and Droid 2 Global mobile phones.  On information and belief, these mobile phones have a viewfinder that displays an image captured by a high-resolution image sensor as claimed in the patent.

32.     On information and belief, Motorola has actively induced others to infringe the '427 patent in violation of 35 U.S.C. § 271(b), including at least by promoting, advertising, and instructing others on the features and uses of at least the aforementioned mobile phones, with knowledge of the '427 patent and knowledge that the encouraged activities infringed the patent.  For example, the Droid X User's Guide [Verizon Wireless] on page 23 describes that "**Picture Resolution** is **Widescreen** or 6MP, unless you change it."   6 MP refers to 6 megapixels.  As resolution of the viewfinder display is less than 0.5 MP, the captured image must be reduced for display on the viewfinder.

33.     Fujifilm gave Motorola written notice of its infringement at least as early as April 2011.  Fujifilm representatives also engaged in face-to-face meetings with Motorola

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/ 70136790

6

PLAINTIFF'S COMPLAINT
FOR PATENT INFRINGEMENT

representatives where the infringing activities were explained in detail to Motorola. Nonetheless, Motorola has continued to infringe. On information and belief, Motorola's infringement has been with knowledge of the '427 patent and without any valid defense and is, has been, and continues to be willful and deliberate.

34.     Motorola's infringement has injured and damaged Fujifilm. Fujifilm is entitled to recover damages adequate to compensate Fujifilm for Motorola's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty, together with interest and costs.

35.     Unless and until enjoined by this Court, Motorola's acts of infringement will continue to damage Fujifilm irreparably.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fujifilm requests that this Court enter judgment:

    a.     finding that Motorola has infringed and is infringing the '763, '119, '886, and '427 patents;

    b.     preliminarily and permanently enjoining Motorola and its officers, directors, agents, servants, employees, parents, subsidiaries, principals, and all other persons in active concert or participation with them from further infringement of the '763, '119, '886, and '427 patents;

    c.     requiring Motorola to pay damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial;

    d.     awarding increased damages, pursuant to 35 U.S.C. § 284, by reason of Motorola's willful infringement of the '763, '119, '886, and '427 patents;

    e.     ordering Motorola to pay damages for any post-trial, pre-judgment infringement in an amount determined by the Court;

    f.     ordering Motorola to pay pre-judgment interest, costs, and expenses to Fujifilm;

    g.     ordering Motorola to pay post-judgment interest until paid at the maximum lawful rate;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/ 70136790

7

PLAINTIFF'S COMPLAINT
FOR PATENT INFRINGEMENT

   h. declaring this case exceptional under 35 U.S.C. § 285 and awarding Fujifilm its reasonable attorneys fees, expenses and costs incurred; and

   i. granting Fujifilm such other and further relief as this Court may deem just and equitable, or that Fujifilm may be entitled to as a matter of law or equity.

Dated: July 10, 2012       Respectfully submitted,

              MORGAN, LEWIS & BOCKIUS LLP

              By /s/ Daniel Johnson, Jr.
                DANIEL JOHNSON, JR.
                Attorneys for Plaintiff
                FUJIFILM CORPORATION

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/ 70136790

8

PLAINTIFF'S COMPLAINT
FOR PATENT INFRINGEMENT

## JURY DEMAND

Plaintiff Fujifilm Corporation demands a trial by jury.

Dated: July 10, 2012

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By /s/ Daniel Johnson, Jr.
DANIEL JOHNSON, JR.
Attorneys for Plaintiff
FUJIFILM CORPORATION

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/ 70136790

9

PLAINTIFF'S COMPLAINT
FOR PATENT INFRINGEMENT