UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FUJIFILM CORPORATION,

    Plaintiff,

v.

MOTOROLA MOBILITY LLC,

    Defendant.

Case No. 12-cv-03587-WHO

**ORDER DENYING MOTION TO SEAL**

Re: Dkt. No. 73

## INTRODUCTION

On December 20, 2013, defendant Motorola Mobility LLC ("Motorola") filed an Unopposed Administrative Motion for Leave to File Under Seal Documents in Support of Its Motion for Leave to Supplement Its Invalidity Contentions. Dkt. No. 73. In support of its motion, Motorola filed the Declaration of Jordan Trent Jones. Dkt. No. 73-1. Motorola states that the materials it seeks to file under seal contain information that plaintiff Fujifilm Corporation has designated as confidential under the protective order in this case. As required by Civil Local Rule 79-5(e), Fujifilm filed the Declaration of Bradford A. Cangro in support of the motion. Dkt. No. 81.

For the reasons below, the motion is DENIED without prejudice.

## LEGAL STANDARD

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). But this right is not absolute. To balance the competing interests of the public's right of inspection against litigants' need for confidentiality, a party seeking to file under seal matters related to dispositive motions must provide "compelling reasons" to do so; similarly, a party seeking to file under seal matters related to non-dispositive motions must

1  provide "good cause" to do so. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th
2  Cir. 2006). Even under the laxer "good cause" standard, a party seeking to seal materials must
3  make a "particularized showing . . . with respect to any individual document" to justify its request.
4  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003). Under that standard,
5  a party that only offers "tepid and general justifications" necessarily "fail[s] to demonstrate any
6  specific prejudice or harm." *See Kamakana*, 447 F.3d at 1186. "Broad allegations of harm,
7  unsubstantiated by specific examples or articulated reasoning," are insufficient. *Beckman Indus.,*
8  *Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation
9  omitted).

**DISCUSSION**

The Cangro Declaration in support of the motion is deficient. As the Ninth Circuit has instructed, the failure to provide specific and articulated explanations of prejudice or harm is insufficient to justify filing documents under seal. Fujifilm merely states that the documents sought to be sealed "contain confidential and proprietary technical business information that is not publicly disclosed and disclosure of this information to Fujifilm's competitors could cause competitive injury to Fujifilm." Cangro Decl. ¶ 2. While this might be true, it was not apparent from an initial review of the documents. Fujifilm's bare assertion falls far short of the "particularized showing" that the Ninth Circuit requires to justify sealing court documents. Fujifilm provides no explanation for how or why the information sought to be sealed would lead to harm or what sort of "competitive injury" can result. Without adequately explaining the basis for the motion in compliance with Ninth Circuit law, the motion must be denied.

**CONCLUSION**

Because Fujifilm provides nothing more than a "[b]road allegation[] of harm, unsubstantiated by specific examples or articulated reasoning" of "specific prejudice or harm," the motion to seal is DENIED. Any renewed motion to seal must comply with Ninth Circuit law.

**IT IS SO ORDERED.**

Dated: January 2, 2014

_____
WILLIAM H. ORRICK
United States District Judge