James Isbester (CA State Bar No.: 129820)
Benjamin Kleinman-Green (CA State Bar No.: 261846)
Sara B. Giardina (CA State Bar No. 278954)
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Eighth Floor
San Francisco, CA 94111
Tel.:   (415) 576-0200
Fax:   (415) 576-0300
Email: jisbester@kilpatricktownsend.com
       bkleinman-green@kilpatricktownsend.com

Jordan Trent Jones (CA State Bar No.: 166600)
KILPATRICK TOWNSEND & STOCKTON LLP
1080 Marsh Road
Menlo Park, CA  94025
Tel.:   (650) 326-2400
Fax:   (650) 326-2422
Email: jtjones@kilpatricktownsend.com

Taylor Higgins Ludlam (*Pro Hac Vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, North Carolina 27609
Tel:   919-420-1705
Fax:   919-420-1800
Email: taludlam@kilpatricktownsend.com

Attorneys for Defendant
MOTOROLA MOBILITY LLC

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FUJIFILM CORPORATION, A JAPANESE CORPORATION,<br><br>                  Plaintiff,<br><br>       v.<br><br>MOTOROLA MOBILITY LLC, a Delaware Limited Liability Company,<br><br>                  Defendant. | Civil Action No. C 12-03587 WHO<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:   June 18, 2014<br>Time:  2:00 p.m.<br>Dept.:  Courtroom 2, 17th Flr. |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on June 18, 2014, at 2:00 p.m., or as soon thereafter as the matter can be heard, in the Courtroom of the Honorable William H. Orrick, Defendant MOTOROLA MOBILITY LLC ("Motorola") will, and hereby does, move this Court for an order granting Motorola leave to file its Amended Answer and Counterclaim and ordering that the Amended Answer submitted with this motion be deemed filed.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Motorola's Amended Answer, Declaration of Jordan Jones in Support of Motion ("Jones Decl.") and the Proposed Order filed herewith, on all of the files and records of this action, and on any additional material that may be elicited at the hearing of this motion.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Motorola seeks leave to file its Amended Answer pursuant to Federal Rule of Civil Procedure 15(a). Motorola's Amended Answer, attached to the Jones Decl. as Exhibit A, adds two additional affirmative defenses. First, Fujifilm's claims of infringement of the '119 Patent are barred because the '119 Patent is unenforceable due to inequitable conduct (proposed Thirteenth Affirmative Defense). When procuring the '119 Patent, the named inventor, Mr. Masahiro Konishi, violated his duty of candor to the Patent Office by failing to disclose a true inventor (an employee of Nokia) as set forth in 35 U.S.C. § 102(f).

Second, Fujifilm's claims are barred due to an actual/implied license arising from conditions and requirements of Fujifilm's membership in the Bluetooth Special Interest Group ("SIG") (proposed Fourteenth Affirmative Defense). These new affirmative defenses are based on new information that Motorola has learned since the filing of its original answer to Fujifilm's Amended Complaint. Motorola's Amended Answer does not cause any prejudice to Fujifilm and should be permitted.

## II.   STATEMENT OF FACTS

Fujifilm filed this lawsuit on July 10, 2012. Fujifilm filed a First Amended Complaint on November 19, 2012. Dkt. No. 16. Motorola filed an Answer with counterclaims on December 3,



MOTOROLA'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER   - 1 -
CASE NO. C12-03587 WHO

1 2012. Dkt. No.18. The parties did not agree upon, and the Court did not order, a separate deadline
2 for the parties to amend pleadings. Since filing its Answer, Motorola has discovered additional
3 information necessitating the filing of this Amended Answer.

4       Fujifilm has not consented to the filing of this Amended Answer pursuant to Federal Rule
5 of Civil Procedure 15. Accordingly, Motorola seeks an order permitting Motorola to file the
6 proposed Amended Answer.

7 **III. ARGUMENT**
8     **A. Leave Should Be Granted to Amend the Answer**
9         **1. Leave is Freely Granted**

10 Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be
11 freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and
12 this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme
13 liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted);
14 *see, e.g., Foman v. David*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be
15 freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)
16 ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a
17 *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original);
18 *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy
19 favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper Dev. Co.*
20 *v. Employers Ins. of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite
21 liberal" in granting leave to amend); *Bldg. Serv. Emps. Pension Trust v. Horsemen's Quarter*
22 *Horse Racing Ass'n*, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same); *see also Moore, 3-15 Moore's*
23 *Federal Practice - Civil* § 15.14 ("A liberal, pro-amendment ethos dominates the intent and
24 judicial construction of Rule 15(a)."). Those circumstances or factors relied upon by the Supreme
25 Court and the Ninth Circuit in denying a motion for leave to amend include "bad faith, undue
26 delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at
27 186; see also *Coilcraft Inc. v. Inductor Warehouse*, 2000 WL 555501 (N.D. Ill.), *3 (no bad faith
28 where plaintiff made "reasonable inquiry" into facts supporting new claim, introduced relevant



MOTOROLA'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER     - 2 -
CASE NO. C12-03587 WHO

evidence, and "has never mischaracterized the nature of the lawsuit"). None of those circumstances or factors exist for the present motion.

### B. Motorola Should be Granted Leave to Assert a Defense of Inequitable Conduct Based on Inventorship of the '119 Patent

Motorola should be permitted to assert a defense of inequitable conduct because its request is timely, and Fujifilm is not prejudiced by the amendment.

Motorola's Amended Answer is timely and should be allowed because it falls well within the liberal standard for freely allowing the amendment of pleadings. See *Foman*, 371 U.S. at 182 ("In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment . . . the leave sought should, as the rules require, be 'freely given.'"). Motorola has diligently pursued discovery relating to the inventorship of the '119 patent since the beginning of the case. *See* Jones Decl., ¶¶ 2-6. As Motorola investigated Fujifilm's alleged invention of the '119 patent, Motorola learned that the patent was filed after Fujifilm and Nokia began jointly developing software to transfer images from Fujifilm cameras to wireless printers via Nokia smart phones. *Id.* at 2. Motorola served Fujifilm with relevant requests for document production on May 29, 2013. Fujifilm, however, did not produce responsive documents until October 18, 2013. *Id.* at 3. Motorola served a relevant interrogatory on Fujifilm prior to receiving Fujifilm's October 18, 2013 document production. *Id.* In early 2014, Motorola deposed 3 Fujifilm witnesses who testified regarding the Nokia/Fujifilm collaboration and other issues relevant to the '119 patent. *Id.* at 4. Motorola has also served two subpoenas on Nokia seeking documents relating to the inventorship of the '119 patent. *Id.* at 6. As illustrated above, much of the information necessary to establish this defense was in the possession of Fujifilm or readily available to Fujifilm.

There is no prejudice to Fujifilm here. Motorola's Amended Answer does not change the nature of the lawsuit, nor is Fujifilm precluded from seeking discovery in relation to the Amended Answer. There is no prejudice to Fujifilm because much of the factual evidence relating to these defenses are in the possession of Fujifilm or are readily known to Fujifilm. Motorola was not independently in possession of the primary information regarding the inventorship of the '119



MOTOROLA'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER - 3 -
CASE NO. C12-03587 WHO

patent. To the extent there is further discovery that must be taken to ascertain facts not in the possession of Fujifilm, there is no prejudice to Fujifilm because the deadline to complete discovery is not until July 18, 2014.

In sum, Motorola's additional affirmative defense regarding inequitable conduct due to the inventorship of the '119 patent was timely filed and in good faith, and does not prejudice Fujifilm. Consequently, none of the factors on which courts base denials for leave to amend are present here. Thus, Motorola's motion for leave should be granted.

### C. Motorola Should be Granted Leave to Assert a Licensing Defense

Motorola should be permitted to assert a licensing defense because its request is timely, and Fujifilm is not prejudiced by the amendment.

Motorola has diligently pursued discovery relating to the licensing defense involving the Bluetooth SIG since the beginning of the case. Jones Decl., ¶¶ 7-10. Motorola has also served discovery requests on Fujifilm which relate to Motorola's licensing defense and Fujifilm's membership in the Bluetooth SIG. *Id*. at 7. On April 14, 2014, Motorola served a subpoena on the Bluetooth SIG seeking documents relating to this defense. *Id.* at 8. Motorola is currently in the process of scheduling a 30(b)(6) deposition of Fujifilm on topics that relate to Fujifilm's Bluetooth SIG membership and Motorola's licensing defense. *Id.* at 9.

There is no prejudice to Fujifilm because much of the factual evidence relating to the licensing defense is in the possession of Fujifilm or is readily known to Fujifilm. For example, Motorola's license defense is based principally on Fujifilm's membership in the Bluetooth SIG and Fujifilm's infringement allegations against the Bluetooth functionality and features of Motorola's products. To the extent there is relevant information to this defense outside the possession of Fujifilm, there is still two months left in discovery to complete any additional discovery. Additionally, Fujifilm has already taken its own discovery on this issue. For example, Fujifilm deposed Mr. Roland Labana, a Motorola Rule 30(b)(6) designee, specifically on the Bluetooth functionality and features of the accused Motorola products. *Id*. at 10.

Because Motorola's additional affirmative licensing defense was timely filed, in good faith, and does not prejudice Fujifilm, Motorola's motion for leave should be granted.



MOTOROLA'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER - 4 -
CASE NO. C12-03587 WHO

## IV. CONCLUSION

For the reasons discussed above, Motorola respectfully seeks leave of this Court to file the proposed Amended Answer.

DATED: May 14, 2014

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: *Jordan Trent Jones*
    Jordan Trent Jones

Attorneys for Defendant,
Motorola Mobility LLC

66224733V.1



MOTOROLA'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER     - 5 -
CASE NO. C12-03587 WHO