# Exhibit A

|   |   |
|---|---|
| 1 | A. James Isbester (CA State Bar No.: 129820) |
| 2 | KILPATRICK TOWNSEND & STOCKTON LLP<br>Two Embarcadero Center, Eighth Floor |
| 3 | San Francisco, CA 94111<br>Tel.:   (415) 576-0200 |
| 4 | Fax:   (415) 576-0300<br>Email: jisbester@kilpatricktownsend.com |

A. James Isbester (CA State Bar No.: 129820)
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Eighth Floor
San Francisco, CA 94111
Tel.:   (415) 576-0200
Fax:   (415) 576-0300
Email: jisbester@kilpatricktownsend.com

Jordan Trent Jones (CA State Bar No.: 166600)
KILPATRICK TOWNSEND & STOCKTON LLP
1080 Marsh Road
Menlo Park, CA  94025
Tel.:   (650) 326-2400
Fax:   (650) 326-2422
Email: jtjones@kilpatricktownsend.com

Attorneys for Defendant,
MOTOROLA MOBILITY LLC

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FUJIFILM CORPORATION, A JAPANESE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC, A DELAWARE LIMITED LIABILITY COMPANY,<br><br>Defendant. | Civil Action No. C12-03587 RS<br><br>**DEFENDANT'S FIRST AMENDED COUNTERCLAIMS AND ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |

Defendant Motorola Mobility LLC (hereafter "Motorola Mobility") by and through its counsel, amends its responses to the First Amended Complaint for Patent Infringement filed by Plaintiff Fujifilm Corporation ("Fujifilm") as follows:

**PARTIES**

1. Motorola Mobility lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies them.

2. Motorola Mobility lacks knowledge or information sufficient to form a belief about



1 the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies them.

2    3.  Motorola Mobility admits the allegations contained in paragraph 3 of the

3 Complaint.

## JURISDICTION AND VENUE

5    4.  Motorola Mobility admits that this action arises under the patent laws of the United

6 States. Motorola Mobility admits that this Court has subject matter jurisdiction of this action

7 pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8    5.  Motorola Mobility denies that it engages in acts of infringement within this

9 District. Motorola Mobility admits the remaining allegations in paragraph 5 of the Complaint.

10    6.  Motorola Mobility admits the allegations in paragraph 6 of the Complaint.

## INTRADISTRICT ASSIGNMENT

12    7.  Motorola Mobility admits that actions for patent infringement are assigned on a

13 district-wide basis under Civil L.R. 3-2(c). Motorola Mobility denies any other allegations

14 contained in paragraph 7 of the Complaint.

## FIRST CLAIM FOR PATENT INFRINGEMENT
(Infringement of U.S. Patent No. 6,144,763)

17    8.  Motorola Mobility restates its responses to the allegations set forth in the foregoing

18 paragraphs and incorporates them by reference.

19    9.  Motorola Mobility admits that Exhibit 1 appears to be a copy of the '763 patent,

20 entitled "Method and Apparatus for Compression Coding of Image Data Representative of a Color

21 Image and Digital Camera Including the Same." Motorola Mobility further admits that Exhibit 1

22 states on its face that the '763 patent was issued on November 7, 2000. Motorola Mobility denies

23 that the '763 patent was duly and legally issued. Motorola Mobility lacks knowledge or

24 information sufficient to admit or deny the other allegations contained in paragraph 9 of the

25 Complaint and therefore denies them.

26    10.  Motorola Mobility denies the allegations in paragraph 10 of the Complaint.

27    11.  Motorola Mobility denies the allegations in paragraph 11 of the Complaint.

28    12.  Motorola Mobility admits that it received correspondence from Fujifilm identifying



1 certain Fujifilm patents and certain Motorola Mobility products. Motorola Mobility admits that
2 there has been a face-to-face meeting between Fujifilm representatives and Motorola Mobility
3 representatives. Motorola Mobility denies any other allegations in paragraph 12 of the Complaint.

4    13. Motorola Mobility denies the allegations in paragraph 13 of the Complaint.

5    14. Motorola Mobility denies the allegations in paragraph 14 of the Complaint.

**SECOND CLAIM FOR PATENT INFRINGEMENT**
(Infringement of U.S. Patent No. 6,915,119)

8    15. Motorola Mobility restates its responses to the allegations set forth in the foregoing
9 paragraphs and incorporates them by reference.

10    16. Motorola Mobility admits that Exhibit 2 appears to be a copy of the '119 patent,
11 entitled "Telephone and Data Transmitting Method for Telephone." Motorola Mobility further
12 admits that Exhibit 2 states on its face that the '119 patent was issued on July 5, 2005. Motorola
13 Mobility denies that the '119 patent was duly and legally issued. Motorola Mobility lacks
14 knowledge or information sufficient to admit or deny the remaining allegations contained in
15 paragraph 16 of the Complaint and therefore denies them.

16    17. Motorola Mobility denies the allegations in paragraph 17 of the Complaint.

17    18. Motorola Mobility denies the allegations in paragraph 18 of the Complaint.

18    19. Motorola Mobility admits that it received correspondence from Fujifilm identifying
19 certain Fujifilm patents and certain Motorola Mobility products. Motorola Mobility admits that
20 there has been a face-to-face meeting between Fujifilm representatives and Motorola Mobility
21 representatives. Motorola Mobility denies any other allegations in paragraph 19 of the Complaint.

22    20. Motorola Mobility denies the allegations in paragraph 20 of the Complaint.

23    21. Motorola Mobility denies the allegations in paragraph 21 of the Complaint.

**THIRD CLAIM FOR PATENT INFRINGEMENT**
(Infringement of U.S. Patent No. 7,327,886)

26    22. Motorola Mobility restates its responses to the allegations set forth in the foregoing
27 paragraphs and incorporates them by reference.

28    23. Motorola Mobility admits that Exhibit 3 appears to be a copy of the '886 patent,



1 entitled "Photographing Apparatus, Method and Program." Motorola Mobility further admits that
2 Exhibit 3 states on its face that the '886 patent was issued on February 5, 2008. Motorola
3 Mobility denies that the '886 patent was duly and legally issued. Motorola Mobility lacks
4 knowledge or information sufficient to admit or deny the remaining allegations contained in
5 paragraph 23 of the Complaint and therefore denies them.

24. Motorola Mobility denies the allegations in paragraph 24 of the Complaint.

25. Motorola Mobility denies the allegations in paragraph 25 of the Complaint.

26. Motorola Mobility admits that it received correspondence from Fujifilm identifying certain Fujifilm patents and certain Motorola Mobility products. Motorola Mobility admits that there has been a face-to-face meeting between Fujifilm representatives and Motorola Mobility representatives. Motorola Mobility denies any other allegations in paragraph 26 of the Complaint.

27. Motorola Mobility denies the allegations in paragraph 27 of the Complaint.

28. Motorola Mobility denies the allegations in paragraph 28 of the Complaint.

**FOURTH CLAIM FOR PATENT INFRINGEMENT**
(Infringement of U.S. Patent No. 5,734,427)

29. Motorola Mobility restates its responses to the allegations set forth in the foregoing paragraphs and incorporates them by reference.

30. Motorola Mobility admits that Exhibit 4 appears to be a copy of the '427 patent, entitled "High Resolution Electronic Still Camera with an Electronic Viewfinder for Displaying a Reduced Image." Motorola Mobility further admits that Exhibit 4 states on its face that the '427 patent was issued on March 31, 1998. Motorola Mobility denies that the '427 patent was duly and legally issued. Motorola Mobility lacks knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 30 of the Complaint and therefore denies them.

31. Motorola Mobility denies the allegations in paragraph 31 of the Complaint.

32. Motorola Mobility denies the allegations in paragraph 32 of the Complaint.

33. Motorola Mobility admits that it received correspondence from Fujifilm identifying certain Fujifilm patents and certain Motorola Mobility products. Motorola Mobility admits that there has been a face-to-face meeting between Fujifilm representatives and Motorola Mobility



1 representatives. Motorola Mobility denies any other allegations in paragraph 33 of the Complaint.

      34. Motorola Mobility denies the allegations in paragraph 34 of the Complaint.

      35. Motorola Mobility denies the allegations in paragraph 35 of the Complaint.

### FIFTH CLAIM FOR PATENT INFRINGEMENT
(Infringement of U.S. Patent No. 8,306,285)

      36. Motorola Mobility restates its response to the allegations set forth in the foregoing paragraphs and incorporates them by reference.

      37. Motorola Mobility admits that Exhibit 5 appears to be a copy of the '285 patent, entitled "Photographing Apparatus, Method and Program." Motorola Mobility further admits that Exhibit 5 states on its face that the '285 patent was issued on November 6, 2012. Motorola Mobility denies that the '285 patent was duly and legally issued. Motorola Mobility lacks knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 37 of the Complaint and therefore denies them.

      38. Motorola Mobility denies the allegations in paragraph 38 of the Complaint.

      39. Motorola Mobility denies the allegations in paragraph 39 of the Complaint.

      40. Motorola Mobility denies the allegations in paragraph 40 of the Complaint.

      41. Motorola Mobility denies the allegations in paragraph 41 of the Complaint.

### DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, Motorola Mobility denies any remaining allegations in Fujifilm's Complaint.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF (PARAGRAPHS A-I)

Motorola Mobility denies that Fujifilm is entitled to any of the relief requested in paragraphs A through I of Fujifilm's prayer for relief or to any relief in any form whatsoever from Motorola Mobility. Fujifilm's request should, therefore, be denied in its entirety and with prejudice. Fujifilm should take nothing from Motorola Mobility, and Motorola Mobility should be awarded its costs.

///

///



**AFFIRMATIVE DEFENSES**

Without admitting or acknowledging that it bears the burden of proof as to any of them, Motorola Mobility asserts the following affirmative and other defenses.

**FIRST DEFENSE**

42. The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

**(Non-Infringement of the '763 Patent, '119 Patent, '886 Patent, '427 Patent, '285 Patent ("Patents-in-Suit"))**

43. Motorola Mobility does not infringe, and has not infringed, any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents, nor has Motorola Mobility actively induced or contributed to any infringement of the Patents-in-Suit.

**THIRD DEFENSE**

**(Invalidity of the Patents-in-Suit)**

44. The Patents-in-Suit are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 101 et seq. including § 101, 102, 103, and 112.

**FOURTH DEFENSE**

**(File Wrapper Estoppel Arising from Prosecution of the Patents-in-Suit)**

45. Those involved in the prosecution of the patent applications that led to the Patents-in-Suit have taken certain positions or done certain acts before the United States Patent and Trademark Office ("USPTO") during the prosecution of the Patents-in-Suit to achieve allowances of the claims thereof that estop or preclude Fujifilm from contending that Motorola Mobility has infringed any of those claims.

**FIFTH DEFENSE**

**(Notice and Marking)**

46. To the extent that Fujifilm, licensees of the Patents-in-Suit, and/or any alleged predecessors-in-interest in the Patents-in-Suit failed to properly mark relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Motorola Mobility's actions allegedly infringed the Patents-in-Suit, Motorola Mobility is not liable to Fujifilm for the acts alleged to



1 have been performed before it received actual notice that it was allegedly infringing the Patents-in-
2 Suit.

### SIXTH DEFENSE

**(Limitations on Damages)**

47. Fujifilm's damages, if any, against Motorola Mobility are statutorily limited by 35 U.S.C. § 286.

### SEVENTH DEFENSE

**(Limitation on Costs)**

48. Fujifilm is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

### EIGHTH DEFENSE

**(Limits on Liability for Indirect Infringement)**

49. To the extent that Fujifilm asserts that Motorola Mobility indirectly infringes, either by contributory infringement or inducement of infringement, Motorola Mobility cannot be liable to Fujifilm for the acts alleged to have been performed before Motorola Mobility had knowledge that its actions would cause infringement.

### NINTH DEFENSE

**(Patent Exhaustion)**

50. Fujifilm's attempted enforcement of the Patents-in-Suit against Motorola Mobility is barred in whole or in part by one or more of express or implied license, release, and the doctrine of patent exhaustion.

### TENTH DEFENSE

**(Laches)**

51. Fujifilm's attempted enforcement of the Patents-in-Suit against Motorola Mobility is barred, in whole or in part, by laches.

### ELEVENTH DEFENSE

**(Waiver)**

52. Fujifilm's attempted enforcement of the Patents-in-Suit against Motorola Mobility



DEFENDANT'S FIRST AMENDED COUNTERCLAIMS AND ANSWER TO FIRST
AMENDED COMPLAINT; CASE NO. C12-03587 RS - 7 -

is barred, in whole or in part, by waiver.

## TWELFTH DEFENSE

53. Fujifilm is not entitled to any injunctive relief as demanded because any injury to Fujifilm is neither immediate nor irreparable. Fujifilm has adequate remedies at law.

## THIRTEENTH DEFENSE

54. The Complaint and purported claim for relief therein is barred because the '119 Patent, and each claim thereof, is unenforceable due to inequitable conduct.

55. The '119 Patent issued on July 5, 2005. It resulted from U.S. Patent Application No. 09/695,867, filed October 26, 2000. The '119 Patent claims priority to a foreign application dated October 29, 1999.

56. On information and belief, the '119 Patent is unenforceable due to the commission of inequitable conduct and violation of the provisions of 37 C.F.R. 1.56 in procuring the patent by the named inventor, the prosecuting attorney, and/or other persons owing a duty of candor to the USPTO.

57. The named inventor, the prosecuting attorney(s), and/or other persons owing a duty of candor failed to disclose in an Information Disclosure Statement with the intent to deceive to the USPTO the identity of an inventor of the '119 Patent, which they knew or should have known the USPTO would consider material to the USPTO's decision to grant the '119 Patent.

58. Each of the asserted claims of the '119 Patent is unenforceable for failing to name the true inventor as set forth in 35 U.S.C. § 102(f). In a sworn declaration to the USPTO dated October 13, 2000, Masahiro Konishi declared himself to be the "original, first, and sole inventor" of the subject matter claimed in the '119 Patent. As set forth below, Mr. Konishi's statement was false. In truth, Mr. Konishi was not the sole inventor of the subject matter of the '119 Patent and participated in the prosecution of the patent based on a false claim, made with deceptive intent to claim subject matter conceived by others as his invention. On information and belief, Mr. Konishi's false statement was made with deceptive intent and with knowledge that he was not the sole inventor.

59. In the fall of 1998, Fujifilm embarked on a joint collaboration with Nokia to



DEFENDANT'S FIRST AMENDED COUNTERCLAIMS AND ANSWER TO FIRST AMENDED COMPLAINT; CASE NO. C12-03587 RS - 8 -

1  connect Fujifilm's cameras to Nokia's phones using Bluetooth technology. Representatives from
2  Nokia approached representatives from Fujifilm with the idea to transfer digital images between
3  cameras and mobile telephones that incorporated Bluetooth technology. Mr. Konishi did not
4  conceive of the idea to incorporate Bluetooth technology into a mobile phone or the transfer of
5  data, including digital images, using Bluetooth technology.

6  60. Claim 13 of the '119 Patent purports to claim the incorporation of Bluetooth
7  technology (and alternatively other wireless technologies) in a mobile telephone.

8  61. Despite this inventive contribution by Nokia, Mr. Konishi deceptively declared
9  himself to be the "original, first and sole inventor" of the '119 Patent during its prosecution at the
10 USPTO.

11 62. Mr. Konishi's false claim of inventorship was a material misrepresentation because
12 but for the failure of the applicants to disclose the identity of the additional inventor of the '119
13 Patent, the patent would not have issued solely to Fujifilm. If Konishi had truthfully informed the
14 USPTO that he did not solely invent the subject matter of the patent, the patent could not have
15 issued to him pursuant to 35 U.S.C. §§ 101 and 102(f), applicable to patents filed before March
16 16, 2013.

17 63. Mr. Konishi's false claim of inventorship was further a material misrepresentation
18 because but for the failure of the applicants to disclose the identity of the additional inventor of the
19 '119 Patent, the patent would not have issued with a claimed priority date of October 29, 1999
20 based on a foreign application which also lists Mr. Konishi as the sole inventor.

21 64. Despite its materiality to the application, the named inventor of the '119 Patent, the
22 prosecuting attorney(s), and/or other persons having a duty of candor to the USPTO failed to
23 disclose the identity of an additional inventor to the subject matter covered by the claims of the
24 '119 patent during the prosecution of the '119 Patent.

25 65. On information and belief, the failure to disclose the identity of the additional
26 inventor or inventors of the '119 patent was made knowingly and with an intent to deceive the
27 USPTO.

28 66. As a result of the actions described above, all claims of the '119 Patent are



DEFENDANT'S FIRST AMENDED COUNTERCLAIMS AND ANSWER TO FIRST
AMENDED COMPLAINT; CASE NO. C12-03587 RS - 9 -

unenforceable due to inequitable conduct committed during the prosecution of the '119 Patent.

**FOURTEENTH DEFENSE**

67. Fujifilm's claims are barred in whole or in part pursuant to an actual license or under the doctrine of implied license. These licenses include, but are not limited to, express or implied licenses arising from conditions and requirements of Fujifilm's membership in the Bluetooth Special Interest Group (SIG).

**COUNTERCLAIM**

Defendant/Counterclaim Plaintiff Motorola Mobility states as follows:

**PARTIES**

1. Counterclaim Plaintiff Motorola Mobility is a Delaware corporation, with a place of business at 600 N. U.S. Highway 45, Libertyville, Illinois 60048.

2, Counterclaim Defendant Fujifilm purports to be organized under the laws of Japan with its principal place of business at Midtown West, 7-3, Akasaka 9-chrome, Minato-ku, Tokyo 107-0052, Japan.

**JURISDICTION AND VENUE**

3. This Counterclaim arises under the patent laws of the United States, 35 U.S.C., § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. By filing its Amended Complaint, Fujifilm has consented to the personal jurisdiction of this Court.

5. Venue is proper in this District pursuant to at least 28 U.S.C. § 1391.

**COUNT I**

**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,144,763**

6. Fujifilm has alleged that Motorola Mobility has infringed one or more claims of United States Patent No. 6,144,763 ("the '763 patent"). Motorola Mobility denies that it infringes or has infringed any valid claim of the '763 patent, either literally or under the doctrine of equivalents.

7. Thus, an actual, substantial controversy exists between Motorola Mobility and Fujifilm whether Motorola Mobility infringes the '763 patent of sufficient immediacy and reality



DEFENDANT'S FIRST AMENDED COUNTERCLAIMS AND ANSWER TO FIRST
AMENDED COMPLAINT; CASE NO. C12-03587 RS — - 10 -

1    to warrant issuance of a declaratory judgment.

2         8.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*,

3    Motorola Mobility is entitled to a declaration by the Court that it does not infringe and has not

4    infringed any claims of the '763 patent.

5         9.     Motorola Mobility is entitled to further necessary or proper relief based on the

6    Court's declaratory judgment or decree.

## COUNT II

### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,144,763

9         10.     Fujifilm has alleged that Motorola Mobility infringes or has infringed one or more

10    claims of the '763 patent.

11         11.     One or more claims of the '763 patent are invalid for failure to meet the

12    requirements set forth in Title 35 of the United States Code, including without limitation 35

13    U.S.C. §§ 101, 102, 103 and/or 112.

14         12.     Thus, an actual, substantial controversy exists between Motorola Mobility and

15    Fujifilm concerning the invalidity of the '763 patent of sufficient immediacy and reality to warrant

16    issuance of a declaratory judgment.

17         13.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and 35

18    U.S.C. § 100 *et seq.*, Motorola Mobility is entitled to a declaration by the Court that the '763

19    patent is invalid.

20         14.     Motorola Mobility is entitled to further necessary or proper relief based on the

21    Court's declaratory judgment or decree.

## COUNT III

### DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,915,119

24         15.     Fujifilm has alleged that Motorola Mobility has infringed one or more claims of

25    United States Patent No. 6,915,119 ("the '119 patent"). Motorola Mobility denies that it infringes

26    or has infringed any valid claim of the '119 patent, either literally or under the doctrine of

27    equivalents.

28         16.     Thus, an actual, substantial controversy exists between Motorola Mobility and



1 Fujifilm whether Motorola Mobility infringes the '119 patent of sufficient immediacy and reality
2 to warrant issuance of a declaratory judgment.

3     17. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*,
4 Motorola Mobility is entitled to a declaration by the Court that it does not infringe and has not
5 infringed any claims of the '119 patent.

6     18. Motorola Mobility is entitled to further necessary or proper relief based on the
7 Court's declaratory judgment or decree.

## COUNT IV

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,915,119

10     19. Fujifilm has alleged that Motorola Mobility infringes or has infringed one or more
11 claims of the '119 patent.

12     20. One or more claims of the '119 patent are invalid for failure to meet the
13 requirements set forth in Title 35 of the United States Code, including without limitation 35
14 U.S.C. §§ 101, 102, 103 and/or 112, and/or 37 C.F.R. 1.56.

15     21. Thus, an actual, substantial controversy exists between Motorola Mobility and
16 Fujifilm concerning the invalidity of the '119 patent of sufficient immediacy and reality to warrant
17 issuance of a declaratory judgment.

18     22. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and 35
19 U.S.C. § 100 *et seq.*, Motorola Mobility is entitled to a declaration by the Court that the '119
20 patent is invalid.

21     23. Motorola Mobility is entitled to further necessary or proper relief based on the
22 Court's declaratory judgment or decree.

## COUNT V

## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,327,886

25     24. Fujifilm has alleged that Motorola Mobility has infringed one or more claims of
26 United States Patent No. 7,327,886 ("the '886 patent"). Motorola Mobility denies that it infringes
27 or has infringed any valid claim of the '886 patent, either literally or under the doctrine of
28 equivalents.



DEFENDANT'S FIRST AMENDED COUNTERCLAIMS AND ANSWER TO FIRST
AMENDED COMPLAINT; CASE NO. C12-03587 RS      - 12 -

25. Thus, an actual, substantial controversy exists between Motorola Mobility and Fujifilm whether Motorola Mobility infringes the '886 patent of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

26. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Motorola Mobility is entitled to a declaration by the Court that it does not infringe and has not infringed any claims of the '886 patent.

27. Motorola Mobility is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT VI

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,327,886

28. Fujifilm has alleged that Motorola Mobility infringes or has infringed one or more claims of the '886 patent.

29. One or more claims of the '886 patent are invalid for failure to meet the requirements set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

30. Thus, an actual, substantial controversy exists between Motorola Mobility and Fujifilm concerning the invalidity of the '886 patent of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

31. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Motorola Mobility is entitled to a declaration by the Court that the '886 patent is invalid.

32. Motorola Mobility is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT VII

## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,734,427

33. Fujifilm has alleged that Motorola Mobility has infringed one or more claims of United States Patent No. 5,734,427 ("the '427 patent"). Motorola Mobility denies that it infringes or has infringed any valid claim of the '427 patent, either literally or under the doctrine of



1 equivalents.

2     34. Thus, an actual, substantial controversy exists between Motorola Mobility and Fujifilm whether Motorola Mobility infringes the '427 patent of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

    35. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Motorola Mobility is entitled to a declaration by the Court that it does not infringe and has not infringed any claims of the '427 patent.

    36. Motorola Mobility is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT VIII

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,734,427

    37. Fujifilm has alleged that Motorola Mobility infringes or has infringed one or more claims of the '427 patent.

    38. One or more claims of the '427 patent are invalid for failure to meet the requirements set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

    39. Thus, an actual, substantial controversy exists between Motorola Mobility and Fujifilm concerning the invalidity of the '427 patent of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

    40. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Motorola Mobility is entitled to a declaration by the Court that the '427 patent is invalid.

    41. Motorola Mobility is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT IX

## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,306,285

    42. Fujifilm has alleged that Motorola Mobility has infringed one or more claims of United States Patent No. 8,306,285 ("the '285 patent"). Motorola Mobility denies that it infringes

1 or has infringed any valid claim of the '285 patent, either literally or under the doctrine of
2 equivalents.

3     43. Thus, an actual, substantial controversy exists between Motorola Mobility and
4 Fujifilm whether Motorola Mobility infringes the '285 patent of sufficient immediacy and reality
5 to warrant issuance of a declaratory judgment.

6     44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*,
7 Motorola Mobility is entitled to a declaration by the Court that it does not infringe and has not
8 infringed any claims of the '285 patent.

9     45. Motorola Mobility is entitled to further necessary or proper relief based on the
10 Court's declaratory judgment or decree.

## COUNT X

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,306,285

13     46. Fujifilm has alleged that Motorola Mobility infringes or has infringed one or more
14 claims of the '285 patent.

15     47. One or more claims of the '285 patent are invalid for failure to meet the
16 requirements set forth in Title 35 of the United States Code, including without limitation 35
17 U.S.C. §§ 101, 102, 103 and/or 112.

18     48. Thus, an actual, substantial controversy exists between Motorola Mobility and
19 Fujifilm concerning the invalidity of the '285 patent of sufficient immediacy and reality to warrant
20 issuance of a declaratory judgment.

21     49. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and 35
22 U.S.C. § 100 et seq., Motorola Mobility is entitled to a declaration by the Court that the '285
23 patent is invalid.

24     50. Motorola Mobility is entitled to further necessary or proper relief based on the
25 Court's declaratory judgment or decree.

## PRAYER FOR RELIEF

27 WHEREFORE, Motorola Mobility prays that this Court enter judgment in favor granting
28 the following relief:



DEFENDANT'S FIRST AMENDED COUNTERCLAIMS AND ANSWER TO FIRST
AMENDED COMPLAINT; CASE NO. C12-03587 RS      - 15 -

A. That the Court dismiss Fujifilm's Complaint with prejudice;

B. That the Court enter judgment in favor of Motorola Mobility and against Fujifilm;

C. That the Court enter judgment that the '763 patent is not infringed by Motorola Mobility;

D. That the Court enter judgment that the '119 patent is not infringed by Motorola Mobility;

E. That the Court enter judgment that the '886 patent is not infringed by Motorola Mobility;

F. That the Court enter judgment that the '427 patent is not infringed by Motorola Mobility;

G. That the Court enter judgment that the '285 patent is not infringed by Motorola Mobility;

H. That the Court enter judgment that the '763 patent is invalid and/or unenforceable;

I. That the Court enter judgment that the '119 patent is invalid and/or unenforceable;

J. That the Court enter judgment that the '886 patent is invalid and/or unenforceable;

K. That the Court enter judgment that the '427 patent is invalid and/or unenforceable;

L. That the Court enter judgment that the '285 patent is invalid and/or unenforceable;

M. That the Court deny any and all Fujifilm's request for injunctive relief;

N. That the Court find this case exceptional under 35 U.S.C. § 285 and award Motorola Mobility its costs and fees in this action, including attorneys' fees, and pre-judgment interest thereon; and

O. That the Court grant Motorola Mobility such other and further relief as the Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Motorola Mobility respectfully demands a trial by jury on all issues so triable in this action.



| | |
|---|---|
| DATED: May , 2014 | Respectfully submitted, |
| | KILPATRICK TOWNSEND & STOCKTON LLP |
| | By: _____ |
| | JORDAN TRENT JONES |
| | Attorneys for Defendant, MOTOROLA MOBILITY LLC |

66113581V.1



DEFENDANT'S FIRST AMENDED COUNTERCLAIMS AND ANSWER TO FIRST
AMENDED COMPLAINT; CASE NO. C12-03587 RS       - 17 -