James Isbester (CA State Bar No.: 129820)
Benjamin Kleinman-Green (CA State Bar No.: 261846)
Sara B. Giardina (CA State Bar No. 278954)
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Eighth Floor
San Francisco, CA 94111
Tel.:   (415) 576-0200
Fax:   (415) 576-0300
Email: jisbester@kilpatricktownsend.com
       bkleinman-green@kilpatricktownsend.com

Jordan Trent Jones (CA State Bar No.: 166600)
KILPATRICK TOWNSEND & STOCKTON LLP
1080 Marsh Road
Menlo Park, CA  94025
Tel.:   (650) 326-2400
Fax:   (650) 326-2422
Email: jtjones@kilpatricktownsend.com

Taylor Higgins Ludlam (*Pro Hac Vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, North Carolina 27609
Tel:    919-420-1705
Fax:   919-420-1800
Email: taludlam@kilpatricktownsend.com

Attorneys for Defendant
MOTOROLA MOBILITY LLC

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FUJIFILM CORPORATION, A JAPANESE CORPORATION,<br><br>             Plaintiff,<br><br>      v.<br><br>MOTOROLA MOBILITY LLC, a Delaware Limited Liability Company,<br><br>             Defendant. | Civil Action No. C 12-03587 WHO<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:   June 18, 2014<br>Time:  2:00 p.m.<br>Dept.: Courtroom 2, 17th Flr. |

Leave to amend pleadings to add claims and defenses should be freely given. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003) (citation omitted). As detailed in its Opening Brief, Motorola has timely moved for leave to amend the pleadings to add two additional affirmative defenses: an inequitable conduct defense and a licensing defense. Fujifilm does not disagree that it will suffer no prejudice by the addition of these two additional affirmative defenses. ("[I]t is the consideration of prejudice to the opposing party that carries the greatest weight. Prejudice is the touchstone of the inquiry under Rule 15(a)." *Id.* at 1052 (citation and internal quotation marks omitted)). Motorola's amendments were timely proposed and are not, as Fujifilm contends, dilatory, nor are they futile. Rather, the proposed amendments were made after Motorola properly analyzed the evidence, including evidence recently uncovered in the course of discovery, in order to sets forth its inequitable conduct allegations and licensing defense with the particularity required under governing law. As described below, Fujifilm's opposition fails to rebut Motorola's sufficiently pled inequitable conduct allegations and licensing defense. Fujifilm further does not articulate any injustice that would result from amending the pleadings, or any prejudice caused to Fujifilm by the timing of these amendments. Instead, Fujifilm improperly attempts to frame its Opposition to Motorola's Motion as an opposition to a summary judgment motion, spending the bulk of its opposition addressing the weight of the evidence in support of each defense rather than the pleading standard. Therefore, Motorola respectfully requests that the Court grant its motion.

## I. ARGUMENT

### A. Motorola's Proposed Inequitable Conduct Allegations Are Not Futile

Motorola's inequitable conduct allegations have been pled with at least the requisite particularity to survive a Rule 12(b)(6) motion to dismiss and, accordingly, leave to amend should not be denied as futile. *Allen v. Bayshore Mall*, 2013 WL 6441504, at *4 (N.D. Cal. Dec. 9, 2013) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)) ("A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."). Motorola's proposed amended pleadings (Dkt. No. 123, Ex. A) meets the standard set forth in *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d



MOTOROLA'S REPLY ISO MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER - 1 -
CASE NO. C12-03587 WHO

1 1312, 1327 (2009) by identifying the "who" (Dkt. No. 123, Ex. A at ¶¶ 56, 57, 58, 61), "when"

2 (*id.* at ¶¶ 55, 57, 59, 62), "where" (*id.*), and "how" (*id.* at ¶¶ 57, 58, 59, 60, 61, 62) of the material

3 misrepresentations committed before the PTO. Therefore, Motorola's proposed amendment is not

4 futile. *See Hynix Semiconductor Inc. v. Toshiba Corp.*, 2006 WL 3093812, at *2 (N.D. Cal. Oct.

5 31, 2006) (stating "Courts rarely deny a motion for leave to amend for reason of futility," and

6 granting motion for leave to amend to assert an inequitable conduct defense); *see also Allen*, 2013

7 WL 6441504, at *4 (granting leave to amend where the opposing party's argument that the

8 amendment is futile "goes to the weight of the evidence, not the futility of Plaintiff's proposed

9 amendment."). Motorola has also sufficiently alleged that Fujifilm as well as individuals at

10 Fujifilm, including the inventor of the '119 patent, had (1) knowledge of the withheld material

11 information and the falsity of the material misrepresentation, and (2) specific intent to deceive the

12 PTO. The factual allegations in the proposed amendment, coupled with the facts already in the

13 pleadings, are more than sufficient to support a claim of inequitable conduct. *Roquette Freres v.*

14 *SPI Pharma, Inc.*, C.A. No. 06-540 GMS, 2009 WL 1444835, at *3 (D. Del. May 21, 2009)

15 ("Only where it is clear to the court…that a claim has *no* possibility of succeeding on the merits,

16 will the court disallow it by denying leave to amend." (citation omitted)).

17
18       **1. Motorola has sufficiently alleged that the deception committed by the inventor of the '119 patent was material.**

19     Motorola has met the materiality standard under *Therasense, Inc. v. Becton, Dickinson &*

20 *Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (en banc), by alleging that if not for the misrepresentations

21 and omissions detailed in the Proposed Amended Answer, the PTO would not have allowed the

22 relevant claims to issue to Fujifilm. (*See* Dkt. No. 231, Ex. A at ¶¶ 62-64). Motorola's Proposed

23 Amended Answer includes a defense alleging that, during the prosecution of the '119 patent at the

24 USPTO, Mr. Masahiro Konishi deceptively declared himself to be the "original, first and sole

25 inventor" of the '119 patent, despite the fact that Fujifilm had collaborated with Nokia on the

26 invention of the '119 patent. Other Fujifilm employees and representatives further had knowledge

27 of this collaboration and Nokia's inventive contributions to the invention of the '119 patent. The

28



1  examiner relied on this misrepresentation in allowing the claims of the '119 patent to issue to
2  Fujifilm.

3  Inventorship is material *per se*. *See PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*,
4  225 F.3d 1321 (Fed. Cir. 2000) ("As a critical requirement for obtaining a patent, inventorship is
5  material."). Courts have held that false statements about inventorship are material without
6  applying the but-for test for materiality. *See Gen-Probe Inc. v. Becton, Dickinson and Co.*, 2012
7  WL 5379062, at *2 (S.D. Cal. Oct. 30, 2012). In *Gen–Probe*, the court explained a *per se*
8  materiality standard for inventorship is appropriate because "[u]ltimately, non-disclosure of a
9  reference may have no effect on an examiner's decision whether to allow a claim, but '[e]xaminers
10 are *required* to reject applications under 35 U.S.C. § 102(f) on the basis of improper inventorship.'
11 " 2012 WL 5379062, at *2 (S.D. Cal. Oct. 30, 2012) (*citing PerSeptive Biosystems*, 225 F.3d at
12 1321 (Fed. Cir. 2000)). Fujifilm alleges that Motorola has not pled that Nokia made any inventive
13 contribution. This is incorrect. Not only did Nokia representatives approach Fujifilm with "the
14 idea to transfer digital images between cameras and mobile telephones that incorporate Bluetooth
15 technology," but in addition, "Fujifilm embarked on a ***joint collaboration*** with Nokia to connect
16 Fujifilm's cameras to Nokia's phones using Bluetooth technology," which is precisely one or
17 more of the inventions claimed by the '119 patent. Dkt. No. 231, Ex. A, at ¶ 59 (emphasis added).
18 As the pleadings make clear, Nokia not only contributed the idea for the invention of the '119
19 patent, but also its mobile phone (a necessary component of the invention), and its resources
20 during the course of the collaboration. Nokia made inventive contributions to the invention of the
21 '119 patent, but was omitted as an inventor during the prosecution of the application that lead to
22 the '119 patent, and therefore the standard for materiality is plainly met.

23       **2.    Deceptive intent can be inferred from Fujifilm's failure to disclose material information relating to the inventorship of the '119 patent.**
24

25 Fujifilm's assertion that Motorola has failed to plead specific intent is factually incorrect.
26 Paragraph 65 of the Proposed Amended Answer specifically alleges that "the failure to disclose
27 the identity of the additional inventor or inventors of the '119 patent was made knowingly and
28 with an intent to deceive the USPTO." These allegations are pled with sufficient particularity. *See*



MOTOROLA'S REPLY ISO MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER    - 3 -
CASE NO. C12-03587 WHO

*Aerocrine AB v. Apieron Inc.,* C.A. No. 08-787-LPS, 2010 WL 1225090, at *11 (D. Del. Mar. 30, 2010) (it is "reasonable to infer that the inventors deliberately withheld this material prior art from the PTO, based on the allegations of *knowledge* and *materiality.*") (emphasis added).

Motorola's pleading allows specific intent to be reasonably inferred. (*Id.* at ¶ 65). See *Wyeth Holdings Corp. v. Sandoz, Inc.*, C.A. No. 09-955-LPS, 2012 WL 600715, at *7 (D. Del. Feb 2, 2012) *report and recommendation adopted,* C.A. No. 09-955-LPS, 2012 WL 749378 (D. Del. Mar. 1, 2012 ("[I]n order to adequately plead the intent prong of an inequitable conduct defense, the claimant need only allege facts from which the Court could *reasonably infer* that the patent applicant made a deliberate decision to deceive the PTO."); *Ohio Willow Wood Co. v. Alps South*, *LLC*, 735 F.3d 1333, 1351 (Fed. Cir. 2013) ("[T]he specific intent to commit inequitable conduct may be inferred from indirect and circumstantial evidence" so long as it is "'the single most reasonable inference drawn from the evidence.'") (*citing Therasense*, 649 F.3d at 1290). Because Mr. Konishi was aware of, and personally involved in, the Nokia-Fujifilm collaboration, and because Mr. Konishi also held himself out to be the sole inventor of the invention of the '119 patent, Mr. Konishi's knowledge and the materiality of his actions are sufficient to create a reasonable inference of materiality.

### 3. Motorola's inequitable conduct defense is not futile because a particular co-inventor is not named.

Fujifilm alleges that Motorola's inequitable conduct defense is futile because Motorola fails to identify a particular co-inventor who was not disclosed to the PTO during the prosecution of the '119 patent. Fujifilm has not adequately demonstrated the futility of this defense on these grounds. Motorola has identified a narrow class of individuals from a specific group who made an inventive contribution to the '119 patent – Nokia employees. At this stage of discovery, it is clear that there was a collaboration between Nokia and Fujifilm that contributed one or more of the inventions claimed by the '119 patent. More importantly, even without a specific name, it is abundantly clear that Mr. Konishi is **not** the sole inventor of the '119 patent. Thus, Motorola bought this motion in a timely manner so as to avoid complaints from Fujifilm regarding delay. Discovery, however, is still ongoing and Motorola is in the process of obtaining information from



1  Nokia and Fujifilm regarding the identity of the omitted inventor(s). Motorola further plans to take
2  a deposition of Nokia. Motorola's ongoing diligence in pursuing its case does not render its
3  current proposed defense futile.

### B. Motorola Should be Granted Leave to Assert its Licensing Defense

#### 1. Motorola's licensing defense is not futile.

Fujifilm's assertion that Motorola's licensing defense would not survive a motion to dismiss is incorrect and misguided. Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." There is no heightened pleading standard under Federal Rule of Civil Procedure 9 for a defense based on actual or implied license. At the pleading stage, Motorola is in no way required to recite "who received any license, what type of license it was, and if not the executed type, what circumstances led to the license," as Fujifilm contends. Opposition Motion, Dkt. 124 at p. 8.[1] Under the notice pleading standard, the purpose of the discovery period is for each party to uncover the details and contours of each claim and defense. For example, Motorola's licensing defense was discussed during a recent deposition of Renee Brown, a Motorola employee, taken by Fujifilm during May 2014. The presence of Bluetooth in Motorola's accused products was discussed during the deposition of Roland Labana, another Motorola employee, taken by Fujifilm during March 2014. Further, Motorola has subpoenaed the Bluetooth SIG for documents, and has requested documents and propounded interrogatories to Fujifilm which relate to Fujifilm's membership in the Bluetooth SIG. *See* Jones Decl., Dkt. No. 123-1 at ¶¶ 7-10. These documents have also been provided to Fujifilm. Further, depositions of Fujifilm witnesses are scheduled for the week of June 16, 2014 on topics including Fujifilm's membership in the Bluetooth SIG. *Id.* Fujifilm is well aware of the Bluetooth SIG license and its applicability to the litigation.

Further, Motorola's motion cannot be defeated on the grounds that certain facts in support of its licensing defense purportedly are disputed. Fujifilm spends much of its Opposition explaining why Motorola's licensing defense should fail on its merits, and why the '119 patent is

---

[1] If Fujifilm believes that it needs additional information regarding Motorola's membership in the Bluetooth SIG, there is still ample time left in the fact discovery period for Fujifilm to conduct further discovery.



MOTOROLA'S REPLY ISO MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER - 5 -
CASE NO. C12-03587 WHO

1  not essential to practicing the Bluetooth standard. Opposition Motion, Dkt. 124 at 8. This is
2  inaccurate, but more importantly, improper. A plaintiff opposing a motion for leave to amend to
3  assert an additional defense cannot "convert th[e] motion for leave to amend into one for summary
4  judgment." *Hynix*, 2006 WL 3093812, at *2. Under Rule 15(a)(2)'s permissive standards,
5  Motorola has alleged sufficient facts for the motion for leave to amend to be granted.

### 2. Motorola's licensing defense is timely.

Motorola's licensing defense is timely filed and Fujifilm's argument that Motorola was "dilatory" is without merit. As explained in Motorola's Opening Motion, Motorola has been diligently pursuing discovery relating to its licensing defense since the beginning of the case. *See* Motorola's Motion, Dkt. No. 123 at 4; *See* Jones Decl., Dkt. No. 123-1 at ¶¶ 7-10. Evidence regarding Fujifilm's membership and specific obligations in the Bluetooth SIG is in the possession of Fujifilm and this information could not simply be gleaned from Fujifilm's infringement contentions, as Fujifilm alleges. Therefore, additional discovery over the course of the case has been necessary to bring to light the facts underlying this licensing defense.

Fujifilm cites to *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-cv-01927-WHO, 2013 WL 4426493, *2 (N.D. Cal. Aug 15, 2013) and urges the Court to deny Motorola's motion on the grounds that it is not timely. Fujifilm's characterization of the case, which issued from this Court, is incomplete. The Court denied the plaintiff's motion for leave to amend in *Muench* not simply because of time lapse, but also because of prejudice to the party opposing the motion. Specifically, the Court would have needed to reopen discovery in order to conduct discovery on the amendments to the complaint, which, in turn, would have delayed trial. Here, the discovery period does not need to be extended while additional discovery is taken, and the trial date will not be affected. Further, the Court in *Muench* explicitly stated:

> The Court recognizes that "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 665 F.2d 977, 980 (9th Cir.1981); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990) ("delay of nearly two years, while not alone enough to support denial, is nevertheless relevant"). Accordingly, the Court examines other factors to determine whether granting or denying the Motion is appropriate. (*Id.* at *3).



MOTOROLA'S REPLY ISO MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER   - 6 -
CASE NO. C12-03587 WHO

1  Therefore, Fujifilm's assertion that the timing of Motorola's motion alone requires that the
2  motion be denied misapplies the relevant law. Motorola's motion is timely and should be granted.

## II. CONCLUSION

For the foregoing reasons, Motorola respectfully requests that the Court grant Motorola's Motion for Leave to File Amended Answer to Fujifilm's Complaint. *See Intel Corp. v. Bevintel, LLC*, 2013 WL 4111810, at *1 (N.D. Cal. Aug. 12, 2013); *Griggs v. Pace Am. Grp. Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (a court must make the determination of whether to grant leave "with all inferences in favor of granting the motion.").

DATED: June 4, 2014                     Respectfully submitted,

                                        KILPATRICK TOWNSEND & STOCKTON LLP


                                        By: _____
                                            Jordan Trent Jones

                                        Attorneys for Defendant,
                                        Motorola Mobility LLC

66314452V.1



MOTOROLA'S REPLY ISO MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER     - 7 -
CASE NO. C12-03587 WHO