1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    FUJIFILM CORPORATION,                  Case No.  12-cv-03587-WHO

          Plaintiff,

8

          v.                               ORDER ON MOTION FOR LEAVE TO
9                                          FILE FIRST AMENDED ANSWER AND
     MOTOROLA MOBILITY LLC,                COUNTERCLAIM
10
          Defendant.                       Re: Dkt. No. 123
11

12           Defendant Motorola Mobility LLC ("Motorola") seeks leave to file an amended answer

13   and counterclaim pursuant to Federal Rule of Civil Procedure 15(a) that adds two affirmative

14   defenses: inequitable conduct and license.  Br., Ex. A ("Amd. Ans.") ¶¶ 54-66.  Motorola alleges

15   that plaintiff Fujifilm Corporation's ("Fujifilm") claims of infringement are barred due to

16   inequitable conduct by the named inventor of United States Patent No. 6,915,119 ("the '119

17   Patent"), and by an actual or implied license arising from Fujifilm's membership in the Bluetooth

18   Special Interest Group ("Bluetooth SIG").  Id.  Fujifilm argues that both affirmative defenses

19   would be futile, and that Motorola unduly delayed in seeking to add its license defense.

20           In view of the liberality with which I must view a motion for leave to amend, I conclude

21   that Fujifilm has failed to sustain its burden to show that leave to amend should be denied.

22   Fujifilm does not argue that prejudice, which is the "touchstone" of the inquiry under Rule 15(a),

23   would result if leave to amend is granted.  Nor does Fujifilm make a strong showing with respect

24   to futility and undue delay to overcome the presumption under Rule 15(a) in favor of granting

25   leave to amend.  I find this matter appropriate for resolution without oral argument and VACATE

26   the June 18, 2014 hearing.  CIV. L. R. 7-1(b).  Motorola's motion for leave to amend is

27   GRANTED.

28

**FACTUAL BACKGROUND**

Fujifilm filed this lawsuit against Motorola on July 10, 2012, charging infringement of five patents.  The patents at issue relate to technology in cameras and cellular phones.  The '119 Patent discloses a wireless telephone that communicates both over a cellular network to a provider, e.g., Verizon, and through another wireless channel without such a provider, e.g., Wi-Fi or Bluetooth.  Dkt. No. 66 at 26.  This allows the telephone to receive data from a cellular link and then transmit it over the provider-less channel.  *Id.*

Fujifilm filed a First Amended Complaint on November 19, 2012.  Dkt. No. 16.  Motorola filed its Answer and Counterclaim on December 3, 2012.  Dkt. No. 18.  On May 14, 2014, Motorola moved for leave to file a First Amended Answer and Counterclaim ("Amended Answer") with two new affirmative defenses alleging inequitable conduct (thirteenth defense) and actual/implied license (fourteenth defense), based on newly discovered evidence that Motorola claims it did not have when it filed its original answer.  Br. at 1; Ex. A.

To support its inequitable conduct defense, Motorola states that Fujifilm's claims of infringement of the '119 Patent are barred because of the inequitable conduct of the named inventor of the '119 Patent, Mr. Masahiro Konishi, who violated his duty of candor to the U.S. Patent Office by failing to disclose an inventor of the '119 Patent.  Br. at 1; Amd. Ans. ¶¶ 54-66.  Motorola alleges that "[i]n the fall of 1998, Fujifilm embarked on a joint collaboration with Nokia to connect Fujifilm's cameras to Nokia's phones using Bluetooth technology.  Amd. Ans. ¶ 59.  "Representatives from Nokia approached representatives of Fujifilm with the idea to transfer digital images between cameras and mobile telephones that incorporated Bluetooth technology," which is one of the inventions claimed by the '119 Patent.  *Id.* ¶ 59.  "Despite this inventive contribution by Nokia, Mr. Konishi deceptively declared himself the 'original, first and sole inventor' of the '119 Patent during its prosecution at the USPTO" in a sworn declaration dated October 13, 2000.  *Id.*  ¶¶ 58, 61. Motorola alleges that "Mr. Konishi did not conceive of the idea to incorporate Bluetooth technology into a mobile phone or the transfer of data, including digital images, using Bluetooth technology."  *Id.* ¶ 59.  Motorola alleges "[i]f Konishi had truthfully informed the USPTO that he did not solely invent the subject matter of the patent, the patent could

not have issued to him" and Fujifilm.  *Id*. ¶ 62.

Motorola's allegations supporting its licensing affirmative defense consist of the following:

> Fujifilm's claims are barred in whole or in part pursuant to an actual license or under the doctrine of implied license.  These licenses include, but are not limited to, express or implied licenses arising from conditions and requirements of Fujifilm's membership in the Bluetooth Special Interest Group (SIG).

*Id*. ¶ 67.

The case schedule in relevant part is:

> Fact discovery ends on July 18, 2014;
>
> Initial expert reports due on October 3, 2014;
>
> Close of expert discovery is November 14, 2014;
>
> Last day for hearing dispositive motions is January 21, 2015; and
>
> Trial begins on April 20, 2015.

Dkt. No. 82.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once within: (1) 21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion.  FED. R. CIV. P.  15(a).  Outside of this timeframe, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id*.  A court "should freely give leave when justice so requires." *Id*.  "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted).

A court considers five factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911

[1] In order to provide more time between the Pre Trial Conference and Trial, the Pre Trial Conference is rescheduled to March 9, 2014, at 2:00pm.

F. 2d 367, 373 (9th Cir. 1990)).  These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (original emphasis).

## DISCUSSION

## I.   INEQUITABLE CONDUCT DEFENSE

Fujifilm's opposition to Motorola's inequitable conduct affirmative defense relies solely on the futility factor.  Fujifilm contends that Motorola has failed to plead inequitable conduct with the requisite specificity under Federal Rule of Civil Procedure 9(b) in three respects: (i) it fails to plead that the withheld information was material; (ii) it fails to plead specific intent on the part of Mr. Konishi; and (iii) it fails to plead the name of the alleged co-inventor.  Opp. 2-7.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  "Evaluating whether a proposed amendment is futile requires the Court to determine whether the amendment would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Guevara v. Marriott Hotel Servs. Inc.*, No. 10-5347 SBA, 2013 WL 6172983, at *6 (N.D. Cal. Nov. 25, 2013) (citing *Miller*, 845 F.2d at 214)).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The substantive elements of inequitable conduct are: (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." *Breville Pty Ltd. v. Storebound LLC*, No. 12-01783 JST, 2013 WL 1758742, at *3 (N.D. Cal. Apr. 24, 2013) (citing *Exergen Corp. v. Wal–Mart Stores, Inc.*, 575 F.3d 1312, 1327, n.3 (Fed. Cir. 2009)).  "Since an inequitable conduct claim sounds in fraud, a plaintiff must plead the circumstances constituting the inequitable

United States District Court
Northern District of California

4

1   conduct with particularity under Federal Rule of Civil Procedure 9(b)."  *Id.* (citing *Exergen*, 575

2   F.3d at 1331).  "[T]o plead the circumstances of inequitable conduct with the requisite

3   particularity under Rule 9(b), the pleading must identify the specific who, what, when, where, and

4   how of the material misrepresentation or omission committed before the PTO."  *Exergen*, 575

5   F.3d at 1328.

6       **A.  Materiality**

7         Fujifilm argues that the information allegedly withheld from the PTO (the name of the

8   '119 Patent's co-inventor) is not material because the Amended Answer states that Nokia's

9   contribution to the '199 Patent was "*the idea* to transfer digital images between cameras and

10  mobile telephones that incorporate Bluetooth technology."   Opp. 3 (citing Amd. Ans. ¶ 59)

11  (emphasis in original).   Fujifilm argues that "one who merely suggests an idea" or "the impetus

12  for making an invention" "is irrelevant to the issue of inventorship" and "even if the facts that

13  Motorola alleges are taken as true . . . the patent would have issued nevertheless with Mr. Konishi

14  as the sole inventor."  Opp. 4 (citing *Nartron Corp. v. Schukra U.S.A., Inc.*, 558 F.3d 1352, 1359

15  (Fed. Cir. 2009); *Buildex Inc. v. Kason Indus., Inc.*, 849 F.2d 1461, 1465 (Fed. Cir. 1998).

16  Motorola responds that the allegations in the Amended Complaint state that Nokia's involvement

17  was more than just an idea.  "Not only did Nokia representatives approach Fujifilm with 'the idea

18  to transfer digital images' . . . but in addition, 'Fujifilm embarked on a *joint collaboration* with

19  Nokia to connect Fujifilm's cameras to Nokia's phones using Bluetooth technology' . . . ."  Reply

20  3 (citing Amd. Ans. ¶ 59) (emphasis in original).

21        "[I]nformation is material if there is a substantial likelihood that a reasonable examiner

22  would consider it important in deciding whether to allow the application to issue as a patent."

23  *PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1321 (Fed. Cir. 2000)

24  (citation omitted).   Inventorship is material.  *Id.* (citing 35 U.S.C. § 102(f)).  Examiners are

25  required to reject applications under 35 U.S.C. § 102(f) on the basis of improper inventorship.  *Id.*

26  (citations omitted).  Accordingly, the Federal Circuit has found that "falsehoods and omissions . . .

27  calculated to obfuscate the threshold issue of inventorship" are material and support a finding of

28  inequitable conduct.  *Id.* at 1321-22.  In order to qualify as an inventor, a person must contribute to

United States District Court
Northern District of California

5

1    the conception of at least one claim. *Vanderbilt Univ. v. ICOS Corp.*, 601 F.3d 1297, 1303–04

2    (Fed. Cir. 2010).

3        Given Motorola's factual allegations of Nokia's contributions to the '119 Patent, it is

4    plausible that the PTO would not have granted the patents absent Mr. Konishi's alleged

5    misrepresentation.  Motorola alleges that Nokia and Fujifilm "embarked on a joint collaboration"

6    when "[r]epresentatives from Nokia approached representatives from Fujifilm with the idea to

7    transfer digital images between cameras and mobile telephones that incorporated Bluetooth

8    technology," and that "Mr. Konishi did not conceive of the idea to incorporate Bluetooth

9    technology."  Amd. Ans. ¶ 59.  The "transfer [of] digital images between cameras and mobile

10   telephones that incorporated Bluetooth technology" is one of the inventions claimed by the '119

11   Patent.  Therefore the alleged misrepresentation regarding inventorship, if true, could render the

12   '119 Patent unenforceable due to inequitable conduct.  Whether the extent of Nokia's contribution

13   was simply "an idea" or a more substantial "joint collaboration" is not an issue for the pleading

14   stage.  At this juncture, Motorola has alleged sufficient facts to support its defense that the alleged

15   misrepresentation may materially affect the '119 Patent's enforceability.

16       **B.  Specific Intent**

17       Fujifilm argues that Motorola fails to properly plead specific intent, the second element of

18   an inequitable conduct claim.  Opp. 4-6.  To meet the intent prong, the pleading "must include

19   sufficient allegations of underlying facts from which a court may reasonably infer that a specific

20   individual (1) knew of the withheld material information or of the falsity of the material

21   misrepresentation, and (2) withheld or misrepresented this information with a specific intent to

22   deceive the PTO."  *BlackBerry Ltd. v. Typo Products LLC*, No. 14-00023 WHO, 2014 WL

23   1867009, at *1 (N.D. Cal. May 8, 2014) (citing *Exergen Corp.*, 575 F.3d at 1328-1329).  "To

24   plead with the required particularity the 'who' of the alleged material omission, a pleading must

25   name a specific individual associated with the filing or prosecution of the applications issuing as

26   the patents-in-suit who both knew of the material information and deliberately withheld or

27   misrepresented it."  *Id.* (citations, alternations, and quotation marks omitted).

28       Motorola's pleading lumps together several individuals and alleges that all, some, or one of

them committed inequitable conduct. Motorola alleges that:

> The named inventor, the prosecuting attorney(s), and/or other persons owing a duty of candor failed to disclosure in an Information Disclosure Statement with the intent to deceive to the USPTO the identity of an inventor of the '119 Patent, which they knew or should have known the USPTO would consider material to the USPTO's decision to grant the '119 Patent.

Amd. Ans. ¶ 57. Motorola also alleges that:

> Despite its materiality to the application, the named inventor of the '119 Patent, the prosecuting attorney(s), and/or other persons having a duty of candor to the USPTO failed to disclose the identity of an additional inventor to the subject matter covered by the claims of the '119 patent during the prosecution of the '119 Patent.

Amd. Ans. ¶ 64.

As I noted in *BlackBerry Ltd v. Typo Products LLC*, "[t]hat is not sufficient." 2014 WL 1867009, at *2 (allegation that "Griffin, Holmes, Lazaridis, Little, Major and/or Kelly withheld from the PTO several prior art products" insufficient to support inequitable conduct defense on motion to dismiss). But unlike in *Blackberry*, Motorola's pleading also contains specific factual allegations directed to one individual: Mr. Konishi. The Amended Answer states:

> In a sworn declaration, Mr. Konishi declared himself to be the 'original, first, and sole inventor' of the subject matter claimed in the '119 Patent . . . a false claim[] made with deceptive intent to claim subject matter conceived by others as his invention. On information and belief, Mr. Konishi's false statement was made with deceptive intent and with knowledge that he was not the sole inventor.

Amd. Ans. ¶ 58. These allegations identify a specific individual who allegedly knew and withheld material information "with deceptive intent to claim subject matter conceived by others as his invention." *Id*. These allegations meet the specificity requirements of Rule 9(b) and are sufficient to allege the specific intent element of an inequitable conduct defense. *Exergen Corp*., 575 F.3d at 1330 (stating that pleading on "information and belief" is permitted and "claimant must plausibly suggest 'deliberate decision to withhold a known material reference' or to make a knowingly false misrepresentation" to satisfy intent element) (citation omitted).

## C. Identity of Alleged Co-Inventor

Fujifilm contends that Motorola's inequitable conduct defense is futile because Motorola

United States District Court
Northern District of California

does not identify a particular co-inventor who was not disclosed to the PTO during the prosecution of the '119 Patent.  Opp. 6-7.  Motorola asserts that "[a]t this stage of the discovery, it is clear that there was a collaboration between Nokia and Fujifilm that contributed to one or more of the inventions claimed by the '119 Patent . . . even without a specific name, it is abundantly clear that Mr. Konishi is not the sole inventor . . . ."  Reply at 4 (emphasis omitted).  Motorola further asserts that it is in the process of obtaining information from Nokia and Fujifilm regarding the identity of the omitted inventors in discovery, and it plans to take a deposition of Nokia on this subject.  Reply at 4-5.

"Courts rarely deny a motion for leave to amend for reason of futility.  Indeed, before discovery is complete, as here, a proposed amendment is futile only if no set of facts can be proved under the amendment which would constitute a valid claim or defense." *Miller*, 845 F.2d at 214.  Under the facts alleged in the Amended Answer, the "who" "when," "where," and the "how" of the inequitable conduct defense have been pled with specificity, and they "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  Since the identity of the co-inventor is uniquely known to Fujifilm or Nokia, Motorola has pled the "what" to the best of its ability and is conducting discovery to find the name of the other individual/s.   Reply at 4-5.  Motorola's failure to identify the specific name of a particular co-inventor alone does not amount to "the strong showing" of futility required to overcome the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## II.  LICENSE DEFENSE

Fujifilm asserts that Motorola's license defense is both futile and untimely.  Opp. 7-9.  I address each factor in turn.

### A.  Futility

Fujifilm asserts that "Motorola fails to plead enough facts that would make its licensing defense plausible."  Opp. 7.  Motorola's licensing allegations are as follows:

> Fujifilm's claims are barred in whole or in part pursuant to an actual license or under the doctrine of implied license.  These licenses include, but are not limited to, express or implied licenses arising from conditions and requirements of Fujifilm's membership in the Bluetooth Special Interest Group (SIG).

8

*Id.* ¶ 67.  Fujifilm argues that these allegations are implausible because they are "indefinite and ambiguous" and fail to state "basic facts" regarding "who received any license, what type of license it was, and if not the executed type, what circumstances led to the license."  Opp. 8. Motorola asserts that "Fujifilm is well aware of the Bluetooth SIG license and its applicability to the litigation," because Fujifilm's membership in the Bluetooth SIG has been a subject of document requests, interrogatories, and subpoenas, and noticed as a subject of upcoming depositions of Fujifilm witnesses.  Br. 4, Jones Decl. ¶¶ 7-10; Reply 5.

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a).  Rule 8(c) determines whether the pleading of an affirmative defense is "sufficient" and requires that an affirmative defense must be "set forth affirmatively" in the party's responsive pleading.  *See Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979); FED. R. CIV. P. 8(c).  The Ninth Circuit has held that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."  *Wyshak*, 607 F.2d at 827 (citation omitted).

There is no heightened pleading standard for a defense based on actual or implied license. At the pleading stage, Motorola is not required to plead "who received any license, what type of license it was, and if not the executed type, what circumstances led to the license" as Fujifilm contends.  *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, (1993) ("The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.") (citation omitted).  The allegations are sufficient under Rule 8 to give Fujifilm fair notice of Motorola's defense that Fujifilm's claims may be barred by an actual or implied license arising from its membership in the Bluetooth SIG, a subject that is already the focus of discovery between the parties.  Fujifilm has not shown that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim" for a licensing defense.  *Miller*, 845 F.2d at 214 (defining "futility" within the meaning of Rule 15).  It fails to show that the amendment would be futile due to a lack of

1    specificity.[2]

2        **B.  Undue Delay**

3        Fujifilm contends that leave to amend should be denied because Motorola has been

4    dilatory in seeking facts that were known to Motorola "nearly fifteen months before it filed its

5    present motion."  Opp. 9.  Fujifilm claims that Motorola has known of its membership in the

6    Blutooth SIG for over ten years, and that Fujifilm's allegations against Bluetooth functionality in

7    Motorola's products has been known to Motorola since February 2013, when Fujifilm served its

8    infringement contentions in accordance with Patent L.R. 3-1.  *Id.*  Notably, Fujifilm does not

9    identify any prejudice occasioned by the delay.

10       Motorola asserts that "[e]vidence regarding Fujifilm's membership and specific obligations

11   in the Bluetooth SIG is in the possession of Fujifilm and this information could not simply be

12   gleaned from Fujifilm's infringement contentions . . . discovery over the course of the case has

13   been necessary to bring to light the facts underlying this licensing defense.  Reply 6.  Motorola

14   does not identify when or how it discovered the facts or explain why it waited to seek leave to

15   amend until now.

16       "[E]ven assuming that Plaintiffs have unduly delayed in seeking to amend . . . delay, by

17   itself, is insufficient to justify denial of leave to amend."  *Raifman v. Wachovia Sec., LLC*, No. 11-

18   02885 SBA, 2012 WL 1611030, at *4 (N.D. Cal. May 8, 2012) (citation omitted).  *See also United*

19   *States v. Webb*, 665 F.2d 977, 980 (9th Cir. 1981) ("delay alone no matter how lengthy is an

20   insufficient ground for denial of leave to amend."); *Morongo Band of Mission Indians v. Rose*,

21   893 F.2d 1074, 1079 (9th Cir.1990) ("delay of nearly two years, while not alone enough to support

22   denial, is nevertheless relevant").  Therefore the purported undue delay on the part of Motorola

23   does not prove fatal to the motion for leave to amend.

24                                **CONCLUSION**

25       For the reasons above, the motion for leave to amend is GRANTED.  The Pre Trial

26

27   _____
     [2] Even though Fujifilm does not claim that it would be prejudiced by the conclusory manner of the
28   allegation, there would be no prejudice because Fujifilm may uncover the details of the claim in
     discovery.

United States District Court
Northern District of California

Conference is rescheduled from April 6, 2015 to March 9, 2015 at 2:00pm.

   **IT IS SO ORDERED**.

Dated: June 16, 2014



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

11