UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUJIFILM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC,<br><br>Defendant. | Case No. 12-cv-03587-WHO<br><br>**ORDER REGARDING PLAINTIFF'S REQUEST TO DESIGNATE REPLACEMENT EXPERT WITNESS**<br><br>Re: Dkt. No. 145 |

Plaintiff Fujifilm Corporation ("Fujifilm") requests leave to designate a new damages expert due to concerns regarding the credibility of its current damages expert, Dr. Gordon Rausser, that have emerged in an unrelated case pending in the United States District Court for the District of Columbia. *See In re Rail Freight Fuel Surcharge Antitrust Litig.*, No. 07-00489, 2014 WL 5803136 (D.D.C. Nov. 7, 2014). Defendant Motorola Mobility LLC ("Motorola") has declined to agree to not raise the credibility issues at trial, or to allow Fujifilm to submit a new report from a different damages expert by December 5, 2014, after the close of expert discovery. The parties have submitted a joint statement regarding their dispute. Dkt. No. 145.

Fujifilm contends that Motorola would not be unduly prejudiced by the requested substitution because Fujifilm has already retained a new damages expert who can provide a new report by December 5, 2014, which would enable Motorola to submit a rebuttal report by December 19, 2014. Fujifilm asserts that Motorola would have ample time to depose the new expert, and that the substitution is not likely to require a change in the deadlines for dispositive motions or trial. Fujifilm also emphasizes that the credibility issues surrounding Dr. Rausser are potentially highly prejudicial.

Motorola responds that it would be severely prejudiced by the substitution. Motorola states that it has already spent hundreds of thousands of dollars opposing Dr. Rausser's report,

1 including by addressing his opinions in two separate reports drafted by two of Motorola's experts.
2 Motorola states that due to preexisting scheduling conflicts, neither of these two experts would be
3 able to submit a rebuttal report by the December 19, 2014 deadline proposed by Fujifilm.
4 Motorola also contends that allowing Fujifilm to substitute a new damages expert at this point in
5 the proceedings would effectively allow Fujifilm a "second bite at the apple" and that, at the very
6 least, Fujifilm "should be required to use an expert that will stand behind Dr. Rausser's current
7 report and testify to the methodology, conclusions, and damages number put forth by Dr.
8 Rausser."

9 The parties agree this issue is properly analyzed under Federal Rule of Civil Procedure
10 16(b), according to which a pretrial schedule "may be modified only for good cause and with the
11 judge's consent." Fed. R. Civ. P. 16(b)(5); *see also, Lincoln Nat. Life Ins. Co. v. Transamerica*
12 *Fin. Life Ins. Co.*, No. 04-00396, 2010 WL 3892860, at *2 (N.D. Ind. Sept. 30, 2010) ("In
13 determining whether to allow a substitute expert, courts have frequently relied on Federal Rule of
14 Civil Procedure 16(b)."); *Doctor's Associates, Inc. v. QIP Holder LLC*, No. 06-01710, 2009 WL
15 5184404, at *4 (D. Conn. Dec. 23, 2009) ("Courts considering a party's request to substitute a new
16 expert have applied the standard for modifying a scheduling order set forth in Rule 16(b) of the
17 Federal Rules of Civil Procedure."). Good cause requires a showing of diligence. *Johnson v.*
18 *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree
19 of prejudice to the party opposing the modification might supply additional reasons to deny a
20 motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

21 Having considered the parties' joint statement and their respective arguments, I find that
22 there is good cause to allow Fujifilm to designate a new damages expert. The deadline for the
23 report is December 5, 2014. I also find that Motorola is likely to suffer substantial prejudice as a
24 result of this substitution. To minimize this prejudice, I impose the following limitations on the
25 substitution, if Fujifilm chooses to make it.

26 First, the new expert must limit his or her opinions to the subject matter covered in Dr.
27 Rausser's report and "may not testify in any manner that is contrary to or inconsistent with [Dr.
28 Rausser's report]." *Cardiac Sci., Inc. v. Koninklijke Philips Electronics N.V.*, No. 03-01064, 2006

United States District Court
Northern District of California

WL 3836137, at *4 (D. Minn. Dec. 22, 2006).  That is, the new expert's opinions must be "substantially similar" to Dr. Rausser's.  *Whiteside v. State Farm Fire & Cas. Co.*, No. 11-10091, 2011 WL 5084981, at *2 (E.D. Mich. Oct. 26, 2011).  These restrictions on the scope and content of the new expert's testimony should alleviate the "second bite at the apple" concerns raised by Motorola.

Second, as it offered, Fujifilm shall pay for all fees and costs associated with rebutting the substitute report.

Third, Fujifilm may not share Motorola's current damages experts' reports or any documents, exhibits, depositions or reports created after Dr. Rausser's report was served on October 3, 2014 with Fujifilm's substitute damages expert until after the substitute expert's report has been provided to Motorola.

Fourth, given Motorola's experts' scheduling concerns, the parties shall meet and confer on an appropriate schedule to complete this work without adjusting the dates for the dispositive motions hearing or the trial, and shall submit either a stipulation or competing schedules on or before November 24, 2014.

This order in no way requires Fujifilm to designate a new damages expert.  Fujifilm may maintain Dr. Rausser as its damages expert and, if it wishes, argue in a motion in limine to exclude evidence regarding Dr. Rausser's credibility issues.  Without appropriate briefing, I cannot say at this time how I would rule.

**IT IS SO ORDERED**.

Dated:  November 19, 2014



WILLIAM H. ORRICK
United States District Judge