UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUJIFILM CORPORATION,<br><br>    Plaintiff,<br><br>       v.<br><br>MOTOROLA MOBILITY LLC,<br><br>    Defendant. | Case No. 12-cv-03587-WHO<br><br>**ORDER DENYING DEFENDANT'S REQUEST TO STRIKE PORTIONS OF PLAINTIFF'S REPLACEMENT EXPERT WITNESS REPORT**<br><br>Re: Dkt. No. 169 |

This order is the direct outgrowth of an order I issued on November 19, 2014 allowing plaintiff Fujifilm Corporation ("Fujifilm") to replace its original damages expert, Dr. Rausser, with a new damages expert due to concerns regarding Dr. Rausser's credibility that had emerged in an unrelated case. *See* Dkt. No. 147 ("Order Regarding Plaintiff's Request to Designate Replacement Expert Witness"). To minimize prejudice to defendant Motorola Mobility LLC ("Motorola") resulting from the substitution, I imposed several limitations on Fujifilm and its new expert. Most relevant here is the requirement that the new expert "limit his or her opinions to the subject matter covered in Dr. Rausser's report" and "not testify in any manner that is contrary to or inconsistent with Dr. Rausser's report." Dkt. No. 147 at 2 (internal quotation marks and modifications omitted). "That is, the new expert's opinions must be 'substantially similar' to Dr. Rausser's." *Id.* at 3.

Fujifilm subsequently obtained a new damages expert, Dr. Macartney, and served Dr. Macartney's report on Motorola on December 16, 2014. Motorola contends there are "significant inconsistencies and conflicts" between Dr. Rausser's report and Dr. Macartney's and moves to strike the inconsistent and conflicting portions. The parties met and conferred but were unable to reach agreement. They have submitted a joint statement regarding their dispute. Dkt. No. 169. Along with the joint statement, Motorola submitted for in camera review a redlined version of Dr.

1  Macartney's report highlighting the differences between the two reports, and a chart summarizing
2  those differences.
3       Motorola has not shown that striking the requested portions of Dr. Macartney's report is
4  warranted.  I did not require that the new expert's report be identical to Dr. Rausser's.  Rather, I
5  ordered that it be limited to the same subject matter as Dr. Rausser's report, not contrary to or
6  inconsistent with Dr. Rausser's report, and substantially similar to Dr. Rausser's report.  Fujifilm
7  has complied with these requirements.  Dr. Macartney calculates the same per unit royalty rate as
8  Dr. Rausser ($2.95) and reaches the same damages figure.  Both reports arrive at the $2.95 per unit
9  royalty rate by taking ten percent of the estimated amount of per unit profits attributable to the
10 asserted patents ($29.54).  Both reports state that $9.54 of the per unit profits are attributable to the
11 '119 patent and $20.00 are attributable to the other asserted patents.  Further, the reports rely on
12 largely overlapping evidence in reaching these conclusions.  While Dr. Macartney incorporates
13 some additional evidence into his analysis, I did not require that Dr. Macartney base his opinion
14 on the exact same materials as Dr. Rausser.  I did order that Fujifilm not share with its new expert
15 "Motorola's current damages experts' reports or any documents, exhibits, depositions, or reports
16 created after Dr. Rausser's report was served." Dkt. No. 147 at 3.  Motorola does not allege that
17 Fujifilm has failed to comply with this limitation.
18      Motorola complains that while Dr. Macartney arrives at the same total per unit royalty rate
19 as Dr. Rausser, he does so by assigning different per unit royalty rates to four of the five patents in
20 suit.  However, both reports opine that the parties would have entered into a bundled license for all
21 five patents and would have specified a single payment for each infringing unit sold, regardless of
22 the number of patents infringed.  Both Dr. Rausser and Dr. Macartney also describe how the 2.95
23 per unit royalty rate could be allocated among the five asserted patents.  But that is not the focus of
24 either expert's analysis.  For this reason, and because both experts ultimately arrive at the same
25 total per unit royalty rate, I do not find that Dr. Macartney's assignment of different per unit
26 royalty rates to some of the patents in suit renders his opinion contrary to or inconsistent with Dr.
27 Rausser's.
28      Finally, Fujifilm did not serve Dr. Macartney's report on the eve of trial or otherwise

1 unexpectedly spring the report upon Motorola. Motorola has until January 15, 2015 to rebut the
2 report and until January 30, 2015 to depose Dr. Macartney. *See* Dkt. No. 150. Moreover, as
3 required by the order allowing the substitution, Fujifilm will cover all fees and costs associated
4 with rebutting the report. *See* Dkt. No. 147 at 3. This opportunity to respond to Dr. Macartney's
5 report, combined with the requirement that Fujifilm pay for all associated expenses, alleviates any
6 concerns about prejudice to Motorola as a result of the minor differences between Dr. Rausser's
7 and Dr. Macartney's opinions.

Motorola's request to strike portions of Dr. Macartney's expert report is DENIED.

**IT IS SO ORDERED**.

Dated: January 5, 2015



WILLIAM H. ORRICK
United States District Judge