UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FUJIFILM CORPORATION,

    Plaintiff,

    v.

MOTOROLA MOBILITY LLC,

    Defendant.

Case No. 12-cv-03587-WHO

**ORDER ON MOTIONS IN LIMINE**

Re: Dkt. Nos. 211, 225

## INTRODUCTION

Plaintiff Fujifilm Corporation ("Fujifilm") and Motorola Mobility LLC ("Motorola") submitted motions in limine in preparation for the patent infringement trial set for April 20, 2015. Dkt. Nos. 211, 225. Fujifilm accuses Motorola of infringing claims 1, 2, 7, and 11 of U.S. Patent No. 6,144,763 (the '763 patent); claim 1 of U.S. Patent No. 8,306,285 (the '285 patent); claim 11 of U.S. Patent No. 7,327,886 (the '886 patent); and claims 1, 13, and 35 of U.S. Patent No. 6,915,119 (the '119 patent).[1] Each of the patents in suit concerns technology used in digital cameras and cellular telephones.

On March 11, 2015, the parties advised the Court that they had resolved a number of their motions in limine "pending agreement on the precise language of a stipulation." Those motions are Fujifilm's motions nos. 6 and 8, and Motorola's motions nos. 3, 6, 7, 9, and 15. The parties also advised the Court that Motorola intended to withdraw its motion no. 4. **The parties shall file the stipulation memorializing their agreement on these motions in limine on or before March 25, 2015.**

---

[1] Fujifilm also previously accused Motorola of infringing claim 1 of U.S. Patent No. 5,734,427 (the '427 patent). On February 20, 2015, I granted Motorola's motion for summary judgment of noninfringement of that claim, removing the '427 patent from the case. *See* Dkt. No. 196.

Two of the parties' unresolved motions in limine concern the testimony of Dr. Gareth Macartney, one of Fujifilm's damages experts, and Dr. James Lansford, Motorola's expert on the Bluetooth Patent Copyright License Agreement that provides the basis for Motorola's licensing defense. Those motions are Fujifilm's motion no. 4 and Motorola's motion no. 5. Because the testimony of Drs. Macartney and Lansford will be a focus of the upcoming hearing set for March 27, 2015, I will address the motions in limine concerning their testimony following that hearing.

I heard argument on the other motions in limine at the pretrial conference on March 12, 2015.

## DISCUSSION

### I. FUJIFILM'S MOTIONS IN LIMINE

#### A. Motion in Limine No. 1: Preclude Motorola from characterizing the workload of, or attacking, the U.S. Patent and Trademark Office ("PTO" or "USPTO")

GRANTED IN PART. Fujifilm seeks to preclude Motorola from "making any negative or derogatory comments about the PTO or any patent it issues," in particular by "characterizing the workload of the PTO or otherwise attacking the quality of the work of the PTO." Fujifilm Mot. 2. Fujifilm asserts that such comments may subliminally cause the jury to "lessen . . . the clear and convincing evidentiary burden Motorola faces in its attempt to invalidate [the patents in suit]." *Id.*

In *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. 12-cv-01971-CW, 2014 WL 4090550 (N.D. Cal. Aug. 19, 2014), Judge Wilken granted a similar motion in limine and prohibited the parties from "discuss[ing] the quality of the USPTO's examination process, which is irrelevant and may be unfairly prejudicial or distracting from the relevant standard." *Id.* at *10; *see also Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. 92-cv-20643-RMW, 1995 WL 261407, at *3 (N.D. Cal. Apr. 25, 1995) (excluding as "irrelevant speculation" testimony "about overwork, quotas, awards, or promotions at the Patent Office, or the number of patents that issue annually, or insinuating that the Patent Office does not do its job properly").

Motorola contends that this motion is overly broad in that it threatens to prevent Motorola from introducing relevant evidence and argument that, in this particular case, the PTO should not have issued the patents in suit. Motorola Opp. 1. For example, Motorola plans to introduce

2

1  evidence showing that the PTO did not consider all relevant prior art when it issued the patents in
2  suit, and that it misread or misunderstood some of the prior art it did consider. *Id.*
3        While I doubt that Fujifilm intends this motion to extend to such evidence, I agree with
4  Motorola that the language used by Fujifilm – e.g., "any negative or derogatory comments" about
5  "any patent" issued by the PTO – is overly broad. Motorola will not be allowed to make
6  generalized comments about the quality of the PTO's examination process or otherwise insinuate
7  that, as a general matter, the PTO does not do its job properly. The parties have agreed to show
8  the Federal Judicial Center's video, "The Patent Process: An Overview for Jurors," as part of the
9  opening jury instructions. *See* Dkt. No. 223 at 19. This will give jurors the necessary background
10 on the PTO.
11       This ruling in no way prevents Motorola from making specific attacks on the validity of
12 the patents in suit, or from relying on evidence and/or argument that those particular patents were
13 improperly issued. Fujifilm is also advised that if it opens the door by, for example, implying that
14 the PTO carefully evaluated each of the patents in suit and all relevant prior art, I will reconsider
15 this ruling and may allow Motorola to respond with evidence regarding the PTO's workload.

      **B.**    **Motion in Limine No. 2: Have Motorola's inequitable conduct defense tried to the Court after the jury trial and preclude Motorola from referencing its inequitable conduct defense to the jury**

GRANTED. The parties do not dispute that inequitable conduct is an equitable defense that carries no right to a jury trial. *See* Fujifilm Mot. 4; Motorola Opp. 2; *In re Metoprolol Succinate Patent Litig.*, 494 F.3d 1011, 1020 (Fed. Cir. 2007). As inequitable conduct does not require a jury determination and is potentially highly prejudicial to the patentee, courts regularly bifurcate inequitable conduct issues from the jury portions of patent infringement trials. *See, e.g., Informatica Corp. v. Bus. Objects Data Integration, Inc.*, No. 02-cv-03378-EDL, 2007 WL 607792, at *4 (N.D. Cal. Feb. 23, 2007) ("To the extent that evidence of inequitable conduct is separate from other issues, such evidence shall not be presented during the first phase of trial and shall be reserved for the Court."); *S.O.I.Tec Silicon On Insulator Technologies, S.A. v. MEMC Elec. Materials, Inc.*, 745 F. Supp. 2d 489, 522 (D. Del. 2010) (noting that "[t]he court's practice

3

is to bifurcate the issue of inequitable conduct for a bench trial following a jury trial on other issues"); *Japan Cash Mach. Co. v. MEI, Inc.*, No. 05-cv-01433, 2008 WL 5051245, at *8 (D. Nev. Nov. 20, 2008) ("[I]f the instant trial is not bifurcated and [defendant's] evidence relevant solely to inequitable conduct is presented in the jury's presence, there would be prejudice to [plaintiffs] because of the serious allegations of withholding evidence from and deceiving the PTO.").

Motorola argues that bifurcation is nevertheless inappropriate here because there is considerable overlap between the evidence supporting its claim that the '119 patent is invalid under 35 U.S.C. § 102(f) and the evidence supporting its inequitable conduct defense. Motorola Opp. 2. Motorola contends that it must be able to present its section 102(f) evidence to the jury, and that "it does not make sense to present the same evidence twice – once to the jury (and the Court) and a second time to the Court (without the jury)." *Id.*

Bifurcating the inequitable conduct issue will not prevent Motorola from presenting section 102(f) evidence at trial; evidence of inequitable conduct will only be precluded "[t]o the extent that [it] is separate from other issues" that will be tried to the jury. *Informatica*, 2007 WL 607792, at *4. In this way, Motorola has already agreed to this motion in limine; Motorola states in its opposition brief that "[t]o the extent there is any evidence or argument directed exclusively to the inequitable conduct issue, such as allegations of Mr. Konishi's intent to deceive the [PTO], Motorola agrees to not present that evidence or argument to the jury." Motorola Opp. 3.

Nor will bifurcating the inequitable conduct defense require presentation of the same evidence twice. As Motorola points out, during the jury portion of the trial it will be presenting evidence to both "the jury (and the Court)." Motorola Opp. 2.

Accordingly, "any evidence or argument directed exclusively to the inequitable conduct issue, such as allegations of Mr. Konishi's intent to deceive the [PTO]," Motorola Opp. 3, shall be excluded from the jury portion of the trial. Such evidence shall be presented to the Court after the jury portion.

### C. Motion in Limine No. 3: Preclude Motorola from referencing prior asserted claims

GRANTED. Fujifilm seeks to preclude Motorola from "putting before the jury the

4

irrelevant fact that Fujifilm asserted a greater number of claims than it asserts at present." Fujifilm Mot. 5. Fujifilm initially asserted seventy-one claims in this action. Per my order dated December 17, 2013, Fujifilm reduced its asserted claims to sixteen, and then voluntarily reduced them to ten. I granted summary judgment of noninfringement on one of those ten claims, leaving the nine claims that remain at play. Fujifilm argues this reduction of its asserted claims is irrelevant, potentially unfairly prejudicial to Fujifilm and confusing to the jury.

Motorola responds that claims previously asserted in this action are relevant for two reasons: (1) they may inform the plain and ordinary meaning of some of the remaining claims; and (2) "the narrowing of the asserted claims in this case provides strong support for Motorola's defense against Fujifilm's allegations of willful infringement." Motorola Opp. 4.

I agree with Fujifilm that "the . . . fact that [it] asserted a greater number of claims than it asserts at present" is not relevant to the issues that will be tried before the jury, and that this fact is properly excluded. Neither of Motorola's arguments warrants a contrary ruling. First, while previously asserted claims may inform the jury's understanding of the plain and ordinary meaning of certain remaining claims, I do not read Fujifilm's motion to seek the exclusion of all references to previously asserted claims. Rather, I read the motion to seek the exclusion of references to the fact that Fujifilm reduced the number of claims that it asserts in this action. Precluding references to this fact does not preclude references to the previously asserted claims themselves.

Second, while some courts have held that evidence of dropped claims may add support to a finding of no objective recklessness, *see, e.g., Uniloc USA, Inc. v. Microsoft Corp.*, 640 F. Supp. 2d 150, 176-77 (D.R.I. 2009); *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. CIV.A. 09-290, 2012 WL 5463669, at *2 (W.D. Pa. Nov. 7, 2012), the objective prong of willful infringement is a legal issue that is ultimately for the court to resolve, even where certain factual issues concerning objective recklessness are also presented to the jury, *see Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 682 F.3d 1003, 1007-08 (Fed. Cir. 2012). The jury in this case will hear evidence on the subjective prong of willful infringement, as well as evidence regarding certain factual issues concerning the objective prong. But the reduction of Fujifilm's asserted claims is not sufficiently probative of either of these issues to warrant admission here.

5

*See* Fed. R. Evid. 403.

### D.  Motion in Limine No. 5: Preclude evidence of, or discussion regarding, the Fujifilm-Nokia collaboration

DENIED.  The time for summary judgment motions has passed.  The only basis that Fujifilm offers for excluding evidence of the Fujifilm-Nokia collaboration is that Motorola is "manifestly unable" to prevail on its 35 U.S.C. § 102(f) defense.  Fujifilm Mot. 19.  If that is true, then Fujifilm should have sought partial summary judgment on the issue.  It did not.  Fujifilm may object at trial to specific items of evidence of the Fujifilm-Nokia collaboration on the grounds that they are irrelevant, that their probative value is substantially outweighed by one or more Fed. R. Evid. 403 dangers, or that they are otherwise inadmissible.  At this time, however, I decline to issue a blanket order excluding all such evidence.

### E.  Motion in Limine No. 7: Preclude Motorola from making arguments inconsistent with the Court's claim construction rulings

GRANTED.  Neither party shall make arguments inconsistent with: (i) the claim construction order in this case, Dkt. No. 66; (ii) the ruling in the summary judgment order that the preamble of claim 1 of the '763 patent is not limiting, Dkt. No. 196 at 25-28; (iii) the ruling in the summary judgment order rejecting the argument that the "designating device" limitation in claims 1 and 35 of the '119 patent cannot cover "store-and-forward retransmission functionality" as a result of prosecution history disclaimer, Dkt. No. 196 at 33-38; or (iv) the ruling in the order on Motorola's motion to strike construing "at least one of" as used in claims 1 and 35 of the '119 patent as "one or more of the following."  If issues subsequently arise that require additional claim construction rulings, the parties will also be precluded from making arguments inconsistent with those rulings.  The grant of this motion does not prevent the parties from introducing other evidence regarding the plain and ordinary meaning of the asserted claims, "so long as the evidence does not amount to arguing claim construction to the jury."  *Cave Consulting Grp., LLC v. OptumInsight, Inc.*, No. 11-cv-00469-EJD, 2015 WL 740379, at *15 (N.D. Cal. Feb. 20, 2015); *see also MediaTek inc. v. Freescale Semiconductor, Inc.*, No. 11-cv-05341-YGR, 2014 WL 971765, at *4 (N.D. Cal. Mar. 5, 2014); *Apple, Inc. v. Samsung Electronics Co.*, No. 12-cv-00630-

1  LHK, 2014 WL 660857, at *3 (N.D. Cal. Feb. 20, 2014).

## II. MOTOROLA'S MOTIONS IN LIMINE

### A. Motion in Limine No. 1: Preclude expert opinions not timely disclosed as required by the Federal Rules of Civil Procedure

DENIED. The parties must adhere to the Federal Rules of Civil Procedure and other applicable law in presenting evidence at trial, including the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2). But the majority of the expert testimony that Motorola actually seeks to exclude through this inaptly-titled motion was properly disclosed. The rest is too vaguely defined in the motion to warrant exclusion at this time.

### B. Motion in Limine No. 2: Preclude Mr. Haeberli from offering conclusory opinions on the alleged commercial success and licensing of the '119 patent for purposes of showing nonobviousness

DENIED. At most, Motorola's concerns go to the weight of Haeberli's testimony. They do not establish inadmissibility under Fed. R. Evid. 402, 403, or 702. *See Cradle IP, LLC v. Texas Instruments, Inc.*, No. 11-cv-01254, 2013 WL 6118399, at *6 (D. Del. Nov. 20, 2013) (denying motion to exclude testimony by invalidity expert on secondary considerations of nonobviousness based on expert's "alleged failure to establish a nexus between the secondary considerations and any of the claimed inventions" where the motion "goes to the weight of the evidence"). Motorola's claim that the content of Haeberli's testimony was not properly disclosed is also unpersuasive. *See nCube Corp. v. SeaChange Int'l, Inc.*, 809 F. Supp. 2d 337, 347 (D. Del. 2011) ("When determining whether an expert's testimony is beyond the scope of the expert's written report, courts do not require verbatim consistency with the report, but allow testimony which is consistent with the report and is a reasonable synthesis and/or elaboration of the opinions contained in the expert's report.") (internal quotation marks and modifications omitted).

### C. Motion in Limine No. 8: Preclude Fujifilm from offering evidence that Fujifilm directly competes with Motorola

DENIED. Motorola relies on Fed. R. Evid. 403 for this motion, asserting that it would be highly prejudiced by evidence showing that the parties "offer competing products or compete for the same customers." Motorola Mot. 12-13. Whatever prejudice Motorola may suffer as a result

of this evidence, it is not sufficiently unfair to substantially outweigh the probative value (for the purpose of assessing damages) of competition between the parties.  Of course, Fujifilm will not be allowed to mischaracterize the evidence or make arguments unsupported by the record.  But admissible evidence of competition between the parties will not be excluded.

> **D.     Motion in Limine No. 10: Preclude parties, and in particular expert witnesses and counsel, from instructing the jury on general principles of law, such as the burden of proof and the presumption of validity**

DENIED.  To the extent this motion merely aims to remind Fujifilm that "[t]he Court will instruct the jurors on the principles of law governing the case," Motorola Mot. 14, it is denied as unnecessary and redundant.  *See Creative Dimensions in Mgmt., Inc. v. Thomas Grp., Inc.*, No. 96-cv-06318, 1999 WL 225891, at *1 (E.D. Pa. Apr. 16, 1999) ("The purpose of a motion in limine is not to obtain a court order directing the parties to present their case in a manner consistent with the Federal Rules of Evidence and other well understood [ ] principles of law.").  To the extent the motion seeks something other than that, it is denied as vague and potentially overbroad.

> **E.     Motion in Limine No. 11: Preclude Fujifilm from presenting evidence relating to a conception date for the '119 patent earlier than October 29, 1999**

DENIED.  Motorola's objection under Fed. R. Civ. P. 37(c)(1) fails because it appears that Fujifilm did timely disclose the evidence it intends to offer to show an earlier conception date for the '119 patent.  *See* Motorola Mot. 14-15.  Motorola's Fed. R. Evid. 403 objection is also unpersuasive.  The evidence that Fujifilm intends to offer is plainly relevant to the 35 U.S.C. § 102(f) issue in this case, and there is no indication that Motorola would be unfairly prejudiced by the introduction of such evidence.

> **F.     Motion in Limine No. 12: Preclude Fujifilm from offering evidence or argument that the Nokia Communicator 9000i is not prior art**

GRANTED IN PART.  This motion mirrors an argument raised in Motorola's motion to strike, which I address in a separate order.  To the extent this motion seeks to preclude Haeberli from delivering the testimony set out at page 7, line 13 to page 11, line 5 of Haeberli's rebuttal report – i.e., the testimony at issue in Motorola's motion to strike – the motion is GRANTED IN PART and DENIED IN PART, as described in the order on Motorola's motion to strike.  To the

8

extent the motion seeks to preclude other evidence or argument that the Nokia Communicator 9000i is not prior art, the motion is DENIED as vague and potentially overbroad.

### G. Motion in Limine No. 13: Preclude parties from presenting evidence or making any reference to any party's "deep pockets" or suggesting that damages, if any, might be satisfied by a corporate parent of Motorola

GRANTED IN PART.  Evidence of "the overall wealth or profitability of Motorola or any current or former corporate parent of Motorola," Motorola Mot. 16, is not relevant to proving damages and will be excluded from trial.  However, the wording of this motion threatens to exclude all references to Motorola's current and former corporate parents, Lenovo and Google.  Information regarding them – other than their overall wealth or profitability – will likely be relevant to any damages determination and is not excluded by this ruling.

### H. Motion in Limine No. 14: Preclude parties from making reference to any prior rulings by the Court

GRANTED IN PART.  Except to the extent necessary to present the Court's claim constructions to the jury, the parties may not reference prior rulings from this case.  *See France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-cv-04967-WHO, 2014 WL 4272771, at *1 (N.D. Cal. Aug. 28, 2014) ("Introduction of the Court's reasoning to support the reasonableness of [the defendant's] actions and its subjective belief that it did not infringe would be more prejudicial than probative and will be excluded.").  Fujifilm requests that it be allowed to introduce evidence of Motorola's many and rapidly evolving noninfringement positions to show that Motorola does not subjectively believe its own positions are valid.  While such evidence would not entail presentation of any reasoning from prior rulings, I still find that it would be more prejudicial than probative and will exclude it from trial.

**IT IS SO ORDERED**.

Dated: March 19, 2015



WILLIAM H. ORRICK
United States District Judge