UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FUJIFILM CORPORATION,

    Plaintiff,

    v.

MOTOROLA MOBILITY LLC,

    Defendant.

Case No. 12-cv-03587-WHO

**ORDER REGARDING JOINT STATUS REPORT**

Re: Dkt. No. 343

On June 16, 2015, the parties filed a Joint Status Report concerning various issues that remain unresolved following entry of the jury verdict in the patent infringement trial held in this case. *See* Dkt. No. 343 ("Rpt."). This order addresses each issue below.

## I. INEQUITABLE CONDUCT

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). To prevail on the defense, the accused infringer must prove that the patent applicant "misrepresented or omitted material information with the specific intent to deceive the PTO." *Id.* at 1287. "The accused infringer must prove both elements – intent and materiality – by clear and convincing evidence." *Id.*

Motorola concedes that, in light of the jury's finding of no invalidity under 35 U.S.C. § 102(f), it cannot satisfy the materiality element of its inequitable conduct defense. Rpt. at 1. It states that I may rule on the defense without the introduction of additional evidence. *Id.* Fujifilm agrees. *See* Rpt. at 1-2.

I will issue a decision on inequitable conduct in conjunction with a decision on laches, discussed below. The parties shall not submit additional briefing or evidence on inequitable conduct.

## II.  LACHES

The equitable defense of laches may bar a patentee's claim for pre-suit damages. *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992). "[A]pplication of the defense . . . is committed to the sound discretion of the district court." *Id.* at 1032. A defendant seeking to invoke the defense must prove two elements: (1) that the patentee "delayed filing suit for an unreasonable and inexcusable length of time from the time [it] knew or reasonably should have known of its claim against the defendant;" and (2) that "the delay operated to the prejudice or injury of the defendant." *Id.* A presumption of laches arises "upon proof that the patentee delayed filing suit for more than six years after actual or constructive knowledge of the defendant's alleged infringing activity." *Id.* at 1035-36.

Motorola asserts laches as a defense to infringement of the '763 patent, the one patent in suit that the jury found valid and infringed. To adjudicate the defense, Motorola proposes a short evidentiary hearing at which it would require no more than thirty minutes and would call only one witness. Rpt. at 2. Motorola further proposes that within ten days of the evidentiary hearing, the parties would submit proposed findings of fact and conclusions of law. *Id.*

Fujifilm objects to this proposal on several grounds, including that: (1) Motorola has already exhausted its allotted eighteen hours of trial time; (2) the one witness that Motorola intends to offer in support of its laches defense, David Yen, is not a technology expert (and thus, according to Fujifilm, cannot possibly provide testimony sufficient to establish that the relevant Motorola product infringes the '763 patent) and was not disclosed as a laches witness;[1] (3) the parties already submitted proposed findings of fact and conclusions of law on the defense, "so additional submissions on [the] issue would be redundant;" and (4) more generally, the defense "plainly [has] no merit" and should be summarily rejected on this ground. Rpt. at 4-5.

I tentatively am inclined, based on the argument in the Joint Status Report, to find that Yen

---

[1] In its pretrial witness list, Motorola stated that Yen would testify regarding the following subjects: "Operation of the accused devices. Invalidity of and workarounds for the asserted claims. May also be called as a rebuttal witness on issues, defenses or claims raised by Fujifilm, or for impeachment purposes." Dkt. No. 215-9 at 1. The sentence starting with, "May also be called," is a boilerplate sentence that Motorola included in its description of the testimony of nearly all of its witnesses. *See id.* at 1-10.

2

was not disclosed as a laches witness and to prohibit him from testifying in support of the defense. The boilerplate description of his testimony quoted in footnote 1 above is hardly sufficient. However, if Motorola wishes to file a brief of ten pages or less that explains what previously disclosed evidence regarding laches it intends to produce and why Yen is an appropriate laches witness, procedurally and substantively, it may do so on or before July 1, 2015. Fujifilm may respond with a brief of similar length on or before July 8, 2015. There will be no reply.

### III. OBJECTIVE PRONG OF WILLFULNESS

To prove willful infringement, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). "If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Id.* A willful infringement determination thus "requires a two-pronged analysis entailing separate objective and subjective inquiries." *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011). The objective inquiry is question of law for the court, while the subjective inquiry is a fact question for the jury. *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 682 F.3d 1003, 1007-08 (Fed. Cir. 2012).

The jury in this case was given the subjective prong and returned a verdict of no willful infringement with respect to each of the asserted claims. Dkt. No. 337 at 9. Motorola nevertheless asks that I now rule on the objective prong "to avoid the potential for multiple, fractured decisions on willfulness." Rpt. at 6. Motorola explains that if Fujifilm succeeds in overturning the jury's findings on the subjective prong, then the matter will return to this Court for a determination on the objective prong – unless the determination is made now. *Id.* Fujifilm responds that in light of the jury's findings on the subjective prong, willfulness should only be addressed, if at all, in the context of Rule 50 or 59 motions.

I agree with Fujifilm. "Because both prongs must be established for the Court to make an ultimate finding of willfulness, failure on either prong defeats a claim of willfulness. If the Court finds no objective willfulness, the inquiry is at an end, and the Court need not consider whether

3

the jury's finding of subjective willfulness was supported by substantial evidence. Conversely, if the jury found no subjective willfulness, the Court need not consider objective willfulness, as the willfulness claim must fail either way." *Apple, Inc. v. Samsung Electronics Co.*, 920 F. Supp. 2d 1079, 1107 (N.D. Cal. 2013) (assessing objective willfulness only for those patents for which the jury found subjective willfulness) *aff'd in part, rev'd in part on other grounds*, 2015 WL 2343543 (Fed. Cir. May 18, 2015).

Here, the jury found no subjective willfulness. Accordingly, the willfulness claim must fail, and there is no need for me to decide objective willfulness before judgment may be entered. If the parties raise willfulness in their Rule 50 or 59 motions, I will consider it there.

## IV.   REIMBURSEMENT OF EXPENSES INCURRED IN REBUTTING FUJIFILM'S SUBSTITUTE EXPERT REPORT

Several months before trial, I allowed Fujifilm to designate a substitute damages expert, but only on the condition that it "pay for all fees and costs associated with rebutting the substitute report." Dkt. No. 147. The parties now dispute the reasonableness of certain expenses for which Motorola seeks reimbursement. Rpt. at 7. They seek leave to file a joint letter on the issue and ask that they be allowed to attach "limited exhibits" to the letter. *Id.* This request is GRANTED. The letter (which shall be no more than five pages, double-spaced) is due by July 1, 2015.

Motorola asks that it be allowed to submit its counsel's invoices for in camera review "to protect the confidentiality of any billing rates and/or privileged information." Rpt. at 7. This request is DENIED. If Motorola has a good faith basis for believing that there exists good cause to seal part or all of the invoices, it may file an administrative motion to file under seal pursuant to Civil Local Rule 79-5.

**IT IS SO ORDERED**.

Dated: June 24, 2015



WILLIAM H. ORRICK
United States District Judge

4