UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUJIFILM CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>MOTOROLA MOBILITY LLC,<br><br>  Defendant. | Case No. 12-cv-03587-WHO<br><br>**ORDER REGARDING PLAINTIFF'S REIMBURSEMENT OF EXPENSES TO REBUT PLAINTIFF'S SUBSTITUTE EXPERT REPORT**<br><br>Re: Dkt. No. 345 |

Several months before trial in this patent infringement case, I allowed plaintiff Fujifilm to designate a substitute damages expert, but only on the condition that it "pay for all fees and costs associated with rebutting the substitute report." Dkt. No. 147. On July 1, 2015, the parties submitted a joint letter regarding a dispute over the reasonableness of certain expenses for which defendant Motorola now seeks reimbursement. Dkt. No. 345.

Motorola requests a total of $339,888.32 in fees and costs incurred in rebutting the substitute report – $85,000.91 in attorney's fees; $89,120.00 in fees incurred by OSKR in preparing Dr. Mody's new rebuttal report; $185,129.59 in fees incurred by NERA in preparing Mr. Eichmann's new rebuttal report and in connection with his second deposition; and $1,637.82 in costs. *Id.* at 3-4.

Fujifilm argues that Motorola's reimbursement should be limited to $230,000 – $85,000 in attorney's fees, and $145,000 in fees incurred by OSKR and NERA. *Id.* at 1, 1 n.1.

Having reviewed the joint letter and the attached declaration and exhibits, I find that Fujifilm must pay Motorola most, but not all, of the $339,888.82 it seeks. Fujifilm's argument for limiting the reimbursement amount to $230,000 is based largely on deposition testimony from Motorola's experts regarding their opinions on how much their respective firms had incurred in preparing their reports. *See id.* at 1-3. However, as Motorola points out, neither of its experts claimed to know exactly how much his or her firm had incurred; rather, both testified that they did not know the exact figure. Mody Dep., dated 01/29/15, at 22-23 (Ludlam Decl. Ex. F, Dkt. No. 345-2) ("Q: How much time do you think you and your team spent preparing your January 15th

1  report? A: I don't know.  Q: Do you have a sense for how much you, OSKR, has billed in

2  preparing your January 15th report?  A: I may have a vague sense."); Eichmann Dep., dated

3  11/18/14, at 17 (Ludlam Decl. Ex. G, Dkt. No. 345-2) ("Q: Do you have an estimate as to how

4  much time your firm has spent preparing this report?  A: I don't, off the top of my head.  Q: Do

5  you have an estimate as to how much your firm billed to prepare this report?  A: I think it was

6  about $70,000.").  Their testimony on this matter thus provides a shaky foundation from which to

7  gauge the reasonableness or propriety of Motorola's request.

8  On the other hand, I agree with Fujifilm that the billing records submitted by Motorola's

9  experts are vastly oversimplified given the circumstances.

10  For example, sample billing entries from OSKR include: (1) on 12/19/14, 8.00 hours on

11  "Review report;" (2) on 12/29/14, 8.50 hours on "Draft rebuttal report;" and (3) on 01/02/15 and

12  01/06/2015, a combined 8.50 hours on "Research."  Ludlam Decl. Ex. A, Attachments Nos. 2-3

13  (Dkt. No. 345-2).

14  Sample billing entries from NERA include: (1) between 12/16/14 and 12/19/14, 30.50

15  hours on "Reviewing opposing expert report and analyses;" (2) between 12/22/14 and 12/31/14,

16  39.90 hours on "Draft report and analyses;" and (3) between 01/02/15 and 01/06/15, 15.50 hours

17  on "Reviewed documents.  Worked on report."  Ludlam Decl. Ex. A, Attachments Nos. 8-9 (Dkt.

18  No. 345-2).

19  Motorola should have ensured that its experts and their firms maintained significantly

20  more detailed billing records for this work, especially given that Motorola knew ahead of time that

21  it would be seeking reimbursement only for those "fees and costs associated with rebutting the

22  substitute report."  Dkt. No. 147.  On this basis, I will deduct 10 percent, or $27,424.96, from the

23  expenses that Motorola attributes to fees incurred by OSKR and NERA.  This leaves $312,463.36

24  that Fujifilm must pay to Motorola.

25  **IT IS SO ORDERED**.

26  Dated: July 7, 2015



WILLIAM H. ORRICK
United States District Judge