UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUJIFILM CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>MOTOROLA MOBILITY LLC,<br><br>    Defendant. | Case No. 12-cv-03587-WHO<br><br>**ORDER ON INEQUITABLE CONDUCT AND LACHES**<br><br>Re: Dkt. Nos. 343, 348, 349 |

This order concerns the final two issues that must be resolved before judgment may be entered in this patent infringement case – inequitable conduct and laches. Both defenses fail.

## I.  INEQUITABLE CONDUCT

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). To prevail on the defense, the accused infringer must prove that the patent applicant "misrepresented or omitted material information with the specific intent to deceive the PTO." *Id.* at 1287. "The accused infringer must prove both elements – intent and materiality – by clear and convincing evidence." *Id.*

Motorola's inequitable conduct defense is based on the theory that the '119 patent is invalid under 35 U.S.C. § 102(f). Dkt No. 128 ¶¶ 54-66; Dkt. No. 218 ¶ 18. Motorola concedes that, in light of the jury's finding of no invalidity under section 102(f), it cannot satisfy the materiality element of the defense. Dkt. No. 343 at 1. I agree. *See Acosta v. City of Costa Mesa*, 718 F.3d 800, 828-29 (9th Cir. 2013) ("[I]n a case where legal claims are tried by a jury and equitable claims are tried by a judge, and the claims are based on the same facts, in deciding the equitable claims the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations.") (internal quotation marks omitted); *Cabinet Vision v.*

1  *Cabnetware*, 129 F.3d 595, 600 (Fed. Cir. 1997) (holding that, in view of Seventh Amendment,

2  jury's findings on facts undergirding defendant's inequitable conduct defense constrained district

3  court's equitable determination ).  Motorola's inequitable conduct defense fails.

**II.    LACHES**

The equitable defense of laches may bar a patentee's claim for pre-suit damages.[1]  *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992).  "[A]pplication of the defense . . . is committed to the sound discretion of the district court."  *Id.* at 1032.  A defendant seeking to invoke the defense must prove two elements: (1) that the patentee "delayed filing suit for an unreasonable and inexcusable length of time from the time [it] knew or reasonably should have known of its claim against the defendant;" and (2) that "the delay operated to the prejudice or injury of the defendant."  *Id.*  A presumption of laches arises "upon proof that the patentee delayed filing suit for more than six years after actual or constructive knowledge of the defendant's alleged infringing activity."  *Id.* at 1035-36.

Motorola asserts laches as a defense to infringement of the '763 patent, the one patent in suit that the jury found valid and infringed.  In the parties' joint status report, Motorola proposed a short evidentiary hearing to present facts specific to the defense.  Dkt. No. 343 at 2-4.  Motorola stated that it would require no more than thirty minutes and would call only one witness, David Yen.  *Id.*  Fujifilm objected to this proposal on several grounds, including (1) that Yen was not disclosed as a laches witness; and (2) that the defense "plainly [has] no merit" and should thus be summarily rejected.  *Id.* at 4-5.

In my order on the joint status report, I stated that I was tentatively inclined to find that Yen was not disclosed as a laches witness and to prohibit him from testifying in support of the defense.  Dkt. No. 344 at 2-3.  However, I allowed Motorola to submit a brief "of ten pages or less

---

[1] For now, anyway.  In *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014), the Supreme Court held that laches may not be invoked as a bar to a copyright claim for damages brought within the three-year period set by the copyright statute of limitations, 17 U.S.C. § 504(d).  *Id.* at 1972-74.  The Court explicitly left intact the application of laches in the patent context.  *Id.* at 1974 n.15.  The Federal Circuit subsequently granted en banc review of the issue, however, and held oral argument on June 19, 2015.  *See SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*, No. 2013-1564, 2014 WL 7460970, at *1 (Fed. Cir. Dec. 30, 2014).

that explains what previously disclosed evidence regarding laches it intends to produce and why Yen is an appropriate laches witness, procedurally and substantively." *Id.* at 3. Motorola filed its brief on July 1, 2015. Dkt. No. 346 ("Br."). On July 8, 2015 Fujifilm filed a response. Dkt. No. 348 ("Res.").

Having reviewed the parties' submissions and other relevant materials, I find that an evidentiary hearing on Motorola's laches defense is not warranted, and that the defense fails.

Yen was not disclosed as laches witness and is thus prohibited from testifying on that subject. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); Fed. R. Civ. P. 26(a)(1)(A)(A) ("[A] party must . . . provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses."); *see also* Civil Pretrial Order at 2-3 (Dkt. No. 83) ("[T]he parties shall file a joint pretrial conference statement containing . . . [a] list of all witnesses to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.").

Motorola contends that Yen was disclosed, both in its initial disclosures, which described Yen as "[k]nowledgeable regarding multimedia software used in the accused products," Br. at 6,[2] and in its pretrial witness list, which described Yen's testimony as follows: "Operation of the accused devices. Invalidity of and workarounds for the asserted claims. May also be called as a rebuttal witness on issues, defenses or claims raised by Fujifilm, or for impeachment purposes." Dkt. No 215-9 at 1.

Neither of these disclosures adequately warned Fujifilm that Yen would testify regarding laches. Motorola's laches defense is founded on the Motorola V710 phone, which, according to Motorola, came onto the market in 2004 and included a monochrome conversion feature. Br. at 3-

---

[2] Neither party submitted a copy of Motorola's initial disclosures.

3

4. Fujifilm did not accuse the V710 phone of infringement. Motorola's disclosures, however, identify Yen as a witness with respect to its *accused* products, not its *unaccused* ones.

The sentence from Motorola's pretrial witness list beginning, "May also be called," is also insufficient. In the parties' joint status report, Motorola appeared to rely on this sentence to claim that Yen had been disclosed with respect to "Motorola's defenses in this case, which include laches." Dkt. No. 343 at 3. But the sentence refers to "defenses . . . raised by Fujifilm," not defenses raised by Motorola. Dkt. No. 215-9 at 1. Moreover, the sentence is a boilerplate sentence that Motorola included in its description of the testimony of the vast majority of the witnesses on its pretrial witness list. *See id.* at 1-10. Motorola appears to believe that each of these more than fifty witnesses was sufficiently disclosed with respect to laches to now testify on the defense. I disagree.

Motorola makes no attempt to show that its failure to disclose Yen as a laches witness was either substantially justified or harmless, and it is not. Under Federal Rule of Civil Procedure 37(c)(1), he may not testify on the defense.

Even if Yen testified, his testimony would not transform Motorola's laches defense into a viable theory. It is undisputed that Yen is not a technical expert and cannot provide detailed testimony regarding the operation of the V710 phone's monochrome conversion feature. *See* Br. at 5-6. Motorola contends that, based on the record developed at trial, the mere fact that the V710 phone includes a monochrome conversion feature is enough to establish that it is sufficiently similar to the Motorola products accused of infringement to start the laches clock. *See id.* at 5. I agree with Fujifilm that this contention is based on an "intricate network of inferences and suppositions, many of which are not supported . . . by the record." Res. at 3; *see also Symantec Corp. v. Computer Associates Int'l, Inc.*, 522 F.3d 1279, 1295, 1295 n.9 (Fed. Cir. 2008) (holding that accused infringer had failed to show that earlier product and accused product were the "same or similar," as required to establish laches, despite expert affidavit stating that both products used the same "antivirus engine technology;" observing that "[t]his is hardly the same as demonstrating that the earlier product embodied the same claimed features as the accused product"). Motorola's claim that it has produced evidence plausibly showing that it was prejudiced or injured by

1  Fujifilm's purported delay – and that Yen's testimony would materially supplement that evidence
2  – is also unconvincing.
3  　In sum, Yen may not testify as a laches witness.  I find, based on all the testimony and
4  evidence admitted at trial, that Motorola can neither trigger the laches presumption nor prove the
5  defense by a preponderance of the evidence.  It is also apparent that my finding would be
6  unchanged by Yen's testimony, as described by Motorola in its brief.  Dkt. No. 346.  Motorola's
7  laches defense fails.

## CONCLUSION

Motorola's inequitable conduct and laches defenses are both deficient, and its request for an evidentiary hearing to present additional facts regarding laches is DENIED.  Judgment may now be entered in this case.  Fujifilm shall prepare and submit a proposed judgment by July 28, 2015, after having sought agreement as to form from Motorola.  If there is disagreement, the parties shall identify the reasons for the disagreement in a joint letter and Motorola may submit a redlined version of the proposed judgment on the same date.

**IT IS SO ORDERED**.

Dated: July 17, 2015



WILLIAM H. ORRICK
United States District Judge